50 N.J. Super. 501 (1958)
142 A.2d 914
FRANCIS X. McCARTHY, PLAINTIFF-APPELLANT,
v.
HARRY REICHENSTEIN, CITY CLERK OF THE CITY OF NEWARK, NEW JERSEY, A MUNICIPAL CORPORATION, FRANK ADDONIZIO AND THE ESSEX COUNTY BOARD OF CANVASSERS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued and Decided June 9, 1958.
Opinion Filed June 13, 1958.
Before Judges PRICE, HANEMAN and SCHETTINO.
*502 Mr. Morris Wurgaft argued the cause for appellant (Mr. Anthony J. Iuliani, attorney).
Mr. Jacob M. Goldberg argued the cause for respondent Harry Reichenstein, City Clerk of the City of Newark (Mr. Vincent P. Torppey, attorney).
Mr. Frank B. Bozza argued the cause for respondent Frank O. Addonizio (Mr. Anthony M. Zoppi, attorney).
The opinion of the court was delivered by PRICE, S.J.A.D.
This appeal was argued during the morning of June 9, 1958. Because of its emergent nature the court considered the appeal promptly and delivered its opinion orally in the afternoon of the same day.
By this appeal plaintiff seeks the reversal of a judgment of the Superior Court, Law Division, which reflected a denial of the relief sought by him in an action in lieu of prerogative writ. The objective of the action by plaintiff was to compel Harry Reichenstein, the City Clerk of the City of Newark, to place plaintiff's name on the ballot so that he might contest with Frank Addonizio for the office of councilman of the West Ward at the "run-off" election to be held June 17, 1958. The action stemmed from the fact that the defendant Reichenstein refused to comply with plaintiff's request to so place his name on the ballot and advised plaintiff that the clerk was retaining the name of Terrence F. Reilly, who died June 3, 1958, on the ballots to be used at the election.
The asserted basis of plaintiff's action flows from the fact that on May 13, 1958, a municipal election was held in the City of Newark for (a) mayor, (b) four councilmen at large, and (c) ward councilmen. The ward councilmen under the law are elected by the voters in their particular wards. Plaintiff was a candidate for the office of councilman of the West Ward. As a result of the election on May 13, 1958, votes for the candidates for the office of ward councilman for the West Ward were cast as follows: Frank Addonizio 4,861; Terrence F. Reilly 4,644; Francis X. McCarthy 3,349; *503 Harry Lombardi 3,108; Joseph Gallagher 3,026; William Whelan 1,412; Joseph Battaglia 512.
Frank Addonizio and Terrence F. Reilly finished first and second respectively for councilman of the West Ward, but neither obtained the majority of votes cast (20,912) necessary for election as provided for by statute. Plaintiff finished third. Under the provisions of N.J.S.A. 40:69A-161 Frank Addonizio and Terrence F. Reilly were to contest for the election of councilman of the West Ward to be held June 17, 1958.
As stated, Terrence F. Reilly, who finished second, died June 3, 1958.
The City of Newark is a municipal corporation operating under the Mayor-Council Plan C Form of government under N.J.S.A. 40:69A-55 et seq.
N.J.S.A. 40:69A-161, applicable to said election, provides:
"In any regular municipal election referred to in section 17-11, if a sufficient number of candidates do not receive a majority of the votes cast to elect the required number of councilmen at large, or no candidate for mayor or no candidate for ward councilman receives a majority of the votes cast for his respective office, a run-off election in the municipality or ward, as the case may be, shall be held on the fifth Tuesday next following such municipal election. The candidates for councilmen at large not elected at such municipal election, equal in number to twice the number of councilmen at large remaining to be elected, who received the greatest number of votes at such municipal election and the two candidates for mayor or for ward councilman who received the greatest number of votes at such election, shall be the candidates for the office for which they were nominated, at such run-off election. Military service ballots shall forthwith be printed and distributed for the run-off election in the same manner, so far as possible, as for other municipal elections.
The candidate or candidates who receive the greatest number of votes at such run-off election shall be elected to the office or offices to be filled. If two or more candidates shall be equal and greatest in votes, for any of the purposes of this section, they shall draw lots to determine which one shall enter the run-off election or be elected therein, as the case may be."
Plaintiff demands judgment directing the defendant to insert plaintiff's name on the ballot for the election to be *504 held June 17, 1958, for councilman of the West Ward; in the meantime and pending suit, to restrain the defendant from printing and distributing any ballots for the election for West Ward councilman to be held June 17, 1958, without including therein the name of plaintiff as candidate for councilman of the West Ward; directing the defendant to strike the name of Terrence F. Reilly from the ballot and place thereon the name of the plaintiff for the run-off election; and for such other relief, temporary and permanent, as "should be equitable and just."
In the case of Fiscella v. Nulton, 22 N.J. Super. 367, 372 (App. Div. 1952), Judge Eastwood for the court said:
"The system of elections in the United States is not of common law origin. Taylor v. Beckham, 178 U.S. 548, 20 S.Ct. 890, 1009, 44 L.Ed. 1187 (1900). The subject is entirely statutory and the exercise of the right of suffrage is in all states regulated by constitutional and statutory provisions. Sharrock v. Borough of Keansburg, 15 N.J. Super. 11, 16 (App. Div. 1951)."
It is to be noted also that the case of Horwitz v. Reichenstein, 15 N.J. 6, 9-10 (1954), is authority for the following, as expressed for the court by the late Chief Justice Vanderbilt:
"The Faulkner Act, moreover, does not purport to stand alone, despite the appellant's contention to the contrary. Thus it provides that `the municipal election shall be * * * conducted in the same manner, so far as possible, as the general election.' N.J.S.A. 40:69A-151. It also provides that elections to fill vacancies or to replace officers who are recalled by the voters are to be conducted under the general election laws, N.J.S.A. 40:69A-60 and 40:69A-175."
There is no provision cited by counsel, nor found by the court, which covers the specific situation here presented, although there are provisions covering the filling of vacancies under the general election law, N.J.S.A. 19:13-18 to 23, in instances not here applicable.
We note that the general rule on this subject operative in the United States is stated in 133 A.L.R. 320 as follows:
*505 "The general rule is that votes cast for a deceased, disqualified, or ineligible person, although ineffective to elect such person to office, are not to be treated as void or thrown away, but are to be counted in determining the result of the election as regards the other candidates."
An explanation of the applicability of this rule is found in the case of Shroyer v. Thomas, 368 Pa. 70; 81 A.2d 435 at page 437 (Sup. Ct. 1951), where the court stated as follows:
"More specifically, it is argued that this section permits a substitution, but if no such substitution is made, then the death of Russel Persing had the effect of withdrawing his candidacy just as effectively as if he had withdrawn it by proper writing during his lifetime. To accept this theory of the case we would have to hold that the County Board of Elections should not treat a candidate who has died `as a candidate,' and that his name on the ballot should be treated as surplusage, and, any votes cast for him, as nullities. This is in direct opposition to the law as pronounced in Derringe v. Donovan, 1932, 308 Pa. 469, at page 477, 162 A. 439, at page 441, where it is said, `The principles of popular government require that votes cast for a dead man as a candidate for public office shall not be considered mere nullities, but that they shall be regarded as expressions by the voters that they prefer the office to be declared temporarily vacant until it can be filled in the manner provided by law rather than that a person whom they voted against and who represents opposing policies, should fill it for a full term.' This legal proposition was affirmed some ten years later in McLane's Appeal, 1942, 345 Pa. 228, 27 A.2d 189, with the additional pronouncement by the Supreme Court that the same rule is applicable to primary elections as it is to general and municipal elections."
Under these authorities we find no justification for interpolating the word "living" between the words "Two" and "candidates" in the applicable statute, N.J.S.A. 40:69A-161, in the phrase "and the two candidates * * * for ward councilman who received the greatest number of votes at such election, shall be the candidates for the office for which they were nominated, at such run-off election."
The judgment of the trial court is affirmed without costs.