## Commonwealth, Appellant, v. Simmons.

Argued November 13, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Kenneth J. Yablonski,* with him *Harold V. Fergus,* District Attorney, for Commonwealth, appellant.

*Stephen D. Marriner,* with him *McCreight, Marriner & McCreight,* for appellee.

OPINION BY WATKINS, J., December 14, 1967:

This is an appeal by the Commonwealth from an order of the Court of Quarter Sessions of Washington County quashing an indictment found against the de-

fendant-appellee, William Simmons, under the Bituminous Coal Mine Act, July 17, 1961, P. L. 659, Article VII, 703, 52 PS 701-703.

According to the record the defendant, William Simmons, was employed by the United States Steel Corporation as an assistant mine foreman, at its Maple Creek Mine located in New Eagle, Washington County, Pennsylvania. He was so employed for 15 years and also performed the duties of mine examiner or fire boss.

On the day in question the defendant reported for work on the 8:00 a.m. to 4:00 p.m. shift. It was an idle day at the mine. He was operating a locomotive and making his rounds as a fire boss in the mine and was emerging from one of the three mine portals. From the portal where he stopped the track continued outside the mine and merged with the tracks from the other two portals and then extended along a trestle to the tipple, where the coal is dumped into a bin, goes through the preparation plant and eventually to barges on the river.

As he stopped at the portal he realized the power in his locomotive was lost and observed that the trolley switch had been opened and was tagged with a danger sign. He then made an inspection of the tracks in the yard and on the trestle to the tipple and not finding anyone or any dangerous situation or evidence of work being done, he returned to the portal and observed that the tag was dated the day before. It was found that this date was an error. He then closed the switch, the wire shorted out and he immediately opened the switch. It was later discovered that there were men working on the wire and track at the tipple who were not present when he made his inspection but had arrived subsequently while he was walking the track back to the portal. No one was injured in any manner whatsoever. He was indicted under Sec. 703 which reads as follows:

"Criminal Penalties: Any person who shall intentionally or carelessly disobey any order given in carrying out the provisions of this act, or do any other act whatsoever, whereby the lives or the health of the persons employed, or the security of the mine or the machinery, are endangered, or who neglects or refuses to perform the duties required of him by this act, or who makes any false statement in any report, required by this act, or who is responsible for failure to comply with any decision made in accordance with this act, or who violates any of the provisions or requirements thereof, shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof in the court of quarter sessions of the county in which the misdemeanor was committed, unless otherwise specified hereinbefore, be punished by a fine not exceeding $200.00 or imprisonment in the county jail for a period not exceeding three months, or both, at the discretion of the court."

The indictment charged the following: "That defendant on or about the 16th day of January 1965, did, with force and arms, at the Maple Creek Coal Mine, New Eagle, Pennsylvania, in said County, and within the jurisdiction of this Court, unlawfully removed a danger tag which had been placed on a trolley line switch at the entrance of the Maple Creek mine at New Eagle, Pennsylvania, and did then and there intentionally and or recklessly and or carelessly and unlawfully set in the trolley line switch thereby permitting electric current to enter into that section of the trolley line which had been dangered off for repair without first making a complete examination of that section of the mine and or trolley line, so as to endanger the lives or the health and safety of the persons employed therein or thereat or the security of the mine, Act of 1961, July 17, P. L. 659, Article VII, Section 703, (52 P.S. 701-703)."

The Commonwealth contends that his action in closing the switch while under a danger tag was covered by "any other act whatsoever whereby the lives or the health of the persons employed, or the security of the mine or machinery, are endangered."

The court en banc of Washington County unanimously quashed the indictment and upon the opinion and order of Judge McCune held the indictment was defective in that it did not charge a specific violation, but was couched in general terms under the omnibus clause of Section 703 of the Act, entitled Criminal Penalties.

We agree with the court below and this Court held in *Morris v. Coal Min. Co. of Graceton*, 164 Pa. Superior Ct. 220, 63 A. 2d 449 (1949), that under §45 of the Act of July 1, 1937, P. L. 2486, amending §1, of Article XXVI of the Bituminous Mine Act that provides, inter alia, "or do any other act whatsoever, whereby the lives or the health of the persons employed are endangered shall be deemed guilty of a misdemeanor", that such general language is subject to the rule of construction of ejusdem generis. In construing a statute, general expressions must be restricted to things and persons similar to those specifically enumerated in preceding language. *Derk v. Zerbe Township*, 322 Pa. 350, 185 A. 647 (1936).

Section 701-295 of the Bituminous Mine Act, supra, provides: "No employe or other person shall, except those specifically authorized in this act, pass by any danger signal into any mine, or into any portion of any mine, or remove such danger signal before the mine or portion thereof has been examined and reported to be safe. Nor shall any employe or any other person pass by any danger signal placed at the entrance to a working place, or any other place in the mine, or remove such danger signal without permission from the mine foreman, the assistant mine foreman, or the mine exam-

iner. 1961, July 17, P. L. 659, art. II, §295." So it clearly follows that the Commonwealth by-passed this specific violation because of its knowledge as contained in the Commonwealth's history of the case, that the defendant because of his position had the right to remove the danger sign unless it can be shown that the danger sign was removed without a proper inspection. It is apparent, therefore, why the defendant was not charged under the specific section but under the omnibus clause of §703 which fixed the penalties for violations of the Act.

Because of our conclusion that the doctrine of ejusdem generis applies, we are not discussing the argument of constitutionality raised by the defendant-appellee.

Order affirmed.