R. G. Wheatcroft, Appellant, *v.* The Tax Claim Bureau of Chester County, Agent, and Armand Taraschi, Director, Appellees.

Argued October 3, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and BLATT. Judge ROGERS did not participate.

*Maurice M. Green,* for appellant.

*John S. Halsted,* for appellee.

OPINION BY JUDGE BLATT, December 14, 1973:

This action involves a piece of property located in Chester County, whose owner is listed on the records of the Tax Claim Bureau of Chester County (Bureau) as "unknown." Liened taxes have accumulated on the property since 1961, the year the Bureau was created, and, pursuant to Section 303 of the Real Estate Tax Sale Law, Act of July 7, 1947, P. L. 1368, as amended, 72 P.S. §5860.303, it was eligible for inclusion in the tax sales of 1971. Prior to the tax sale of September 14, 1971, at which this property was scheduled for sale, R. G. Wheatcroft tendered money to the Bureau in payment of the accumulated tax liens on the subject property, asserting a right to do so under Section 501 of the Real Estate Tax Sale Law, 72 P.S. §5860.501. The tendered funds were accepted and the property was removed from the public sale, but, when Wheatcroft sought a certificate from the Bureau evidencing his payment of the taxes due, the Bureau refused to comply. It offered instead to return to Wheatcroft the taxes he had paid. Wheatcroft then brought an action in mandamus in the Court of Common Pleas of Chester County, seeking to compel the Bureau to issue the certificate. The lower court refused to make the order requested, but it did direct the Bureau to return to Wheatcroft the monies he had paid as the delinquent taxes.

In our consideration of whether or not mandamus should have been granted by the lower court, as requested, we must note that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and

adequate remedy. Even in such cases, however, its issuance is not a matter of right but, in certain circumstances, is a matter for the sound discretion of the court. *Hutnik v. Duquesne School District*, 8 Pa. Commonwealth Ct. 387, 302 A. 2d 873 (1973).

The essential issue in this case is the interpretation of Section 501 of the Real Estate Tax Sale Law, 72 P.S. §5860.501, which provides, *inter alia*:

"(a) Any owner, his heirs or legal representatives, or any lien creditor, his heirs, assigns or legal representative, *or other person interested*, may, within one (1) year after the first day of July of the year in which the claim was filed and notice given, if the notice was mailed prior to August first, or within one year from the first day of the month in which the notice was mailed if mailed on or after August first, redeem such property for the benefit of the owner by payment to the bureau of the amount of the aforesaid claim and interest thereon, the amount of any other tax claim or tax judgment due on such property and interest thereon, and the amount of all accrued taxes which remain unpaid, the record costs, including pro rata costs of the notice or notices given in connection with the returns or claims.

"The bureau shall receive and receipt for said payments, and shall make distribution thereof to the taxing districts entitled thereto. The bureau shall forthwith acknowledge the receipt of the redemption moneys by entering satisfaction on the record of the claim in the office of the bureau which shall be signed by the director.

"(b) When any property is so redeemed by a lien creditor, or his heirs, assigns or legal representatives, or by any person interested for the benefit of the owner, the bureau shall issue to the person redeeming such property a certificate, stating the fact of such redemption, a brief description of the property redeemed, and

the amount of the redemption money paid, which certificate may be entered in the office of the prothonotary of the county as a judgment against the owner of the property for the amount stated therein. The lien of any such judgment shall have priority over all other liens against such property in the same manner and to the same extent as the taxes involved in the redemption." (Emphasis added.) It is conceded that Wheatcroft fits within this section only if he is to be considered an "other person interested." The lower court found that he was not, but Wheatcroft argues that he was "interested" because he was willing to pay the delinquent taxes in order to halt the tax sale and thus have the opportunity to locate the missing owner and purchase the property at a fair price, thus benefiting the owner concerned.

In interpreting Section 501, we must follow the provisions of the Statutory Construction Act of 1972, Act of December 6, 1972, P. L.     , No. 290, 1 Pa.S. §1903 (b) which states: "General words shall be construed to take their meanings and be restricted by preceding particular words."[1] The phrase used here, "other person interested," is certainly general, but it is preceded by more particular words. Upon a consideration of the act in question, therefore, we would clearly not be warranted in finding that this phrase was intended by the Legislature to be broadly interpreted and be outside the context of the words preceding it. See *Butler Fair and Agriculture Association v. Butler School District,* 389 Pa. 169, 132 A. 2d 214 (1957) ; *Commonwealth v. Simmons,* 211 Pa. Superior Ct. 344, 236 A. 2d 563 (1967) ; *Commonwealth v. Randall,* 183 Pa. Superior Ct. 603, 133 A. 2d 276 (1957). The "other person interested" must fall generally within the category of persons

---

[1] This section reads the same as the last paragraph of Section 33 of the Statutory Construction Act, Act of May 28, 1937, P. L. 1019, now repealed.

which is more particularly described by the preceding words of classification, which Wheatcroft clearly does not. The phrase cannot be so broadly construed as to include anyone wishing to obtain some sort of financial interest in the subject property, or even a volunteer with the best interests of the unknown owner at heart.

Since no clear legal right of Wheatcroft's, nor any corresponding duty on the part of the Bureau, has been shown, the lower court was correct in refusing to grant the mandamus as requested.

Order affirmed.