Clear Vue Acres Homeowners Association, a Pennsylvania Unincorporated Nonprofit Association, by Richard Domrzalski and Donald J. Breslauer, and Bruce Frace, Trustees Ad Litem, and Richard Domrzalski and Susan Domrzalski, Individually and Jointly, Plaintiffs, *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Maurice Goddard, Secretary, William Eichbaum, Deputy Attorney General and General Counsel to Department of Environmental Resources, Marvin Fine, Special Assistant Attorney General, Douglas Blazey, Special Assistant Attorney General, and Martha Traylor, Special Assistant Attorney General, Defendants.

Argued March 5, 1974, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Darold L. Hemphill*, with him *Butterfield, Joachim, Brodt, Hemphill and Houser*, for plaintiffs.

*Michael S. Alushin*, Special Assistant Attorney General, for defendants.

OPINION BY JUDGE WILKINSON, March 29, 1974:

This action in mandamus was commenced in this Court by plaintiffs, two individuals and an unincorporated nonprofit homeowners association, upon filing a complaint against the Secretary of the Department of Environmental Resources (DER), a Deputy Attorney General, and three Special Assistant Attorneys General. The prayer of the complaint in mandamus was to require the defendants to bring legal action

against the Clear Vue Water Company (Water Company) to insure compliance with a DER order; to revoke, upon noncompliance, a permit granted to the Water Company by DER; to take over and operate the water supply system of the Water Company; and to supply plaintiffs with an adequate quantity of potable water. The defendants filed preliminary objections claiming that mandamus will not lie to compel discretionary acts, that the plaintiffs failed to conform to Rule 1097 of the Pennsylvania Rules of Civil Procedure as to proper service, and that the Deputy and Special Assistant Attorneys General are not officers of the Commonwealth subject to mandamus jurisdiction. We must sustain the defendants' preliminary objections.

The dispute here is between the plaintiffs and the Water Company which has been ordered by DER to supply water to the plaintiffs. DER issued a water supply permit to the Water Company in July, 1972, and in February, 1973, ordered the Water Company to transport potable water to plaintiffs. Plaintiffs allege that the Water Company has failed to comply with the DER order and that the defendants have failed to initiate the appropriate proceedings against the Water Company. This action in mandamus followed.

Plaintiff's argument loses sight of the fact that this is an action in mandamus which "is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy." *Wheatcroft v. Tax Claim Bureau of Chester County*, 11 Pa. Commonwealth Ct. 322, 323, 312 A. 2d 840, 841 (1973). (Emphasis in original.) The defendants here have no duty to act just because the Water Company may have failed to act; nor are they under any duty to perform any of the acts requested by the plaintiffs.

A review of the statutes cited by plaintiffs in their complaint[1] reveals no duty by the defendants to commence legal action against those who may have failed to comply with a DER order. Commencement of such action is discretionary and "mandamus does not lie to compel the performance of discretionary acts except where the exercise or non-exercise of discretion is arbitrary, fraudulent or based upon a mistaken view of the law." *Valley Forge Racing Association, Inc. v. State Horse Racing Commission*, 449 Pa. 292, 295, 297 A. 2d 823, 825 (1973) (Citations omitted.) Inasmuch as the defendants' view of the law is not mistaken concerning the commencement of legal action and inasmuch as the plaintiffs have not alleged arbitrary or fraudulent exercise or non-exercise of discretion, mandamus will not lie.

Similarly, the defendants have no mandatory duty to revoke the permit of the Water Company. Nor do the defendants have a duty to take over and operate the water system and to supply plaintiffs with an adequate *quantity* of potable water. A review of the statutes reveals that DER's power and authority are primarily directed toward maintaining or improving the *quality* of water. For example, Section 20 of the Act of December 3, 1970, P. L. 834, 71 P.S. §510-18, refers to "the purity" and "bacteriological examination" of water, but not to the quantity of water.

Section 1 of the Act of July 1, 1968, P. L. 290, 35 P.S. §716, states:

---

[1] Section 20 of the Act of December 3, 1970, P. L. 834, amending the Administrative Code of 1929, Act of April 9, 1929, P. L. 177, 71 P.S. §510-8, 71 P.S. §510-17, 71 P.S. §510-18; Section 28 of the Act of December 3, 1970, P. L. 834, 71 P.S. §510-101; Section 1 of the Act of July 1, 1968, P. L. 290, amending the Act of April 22, 1905, P. L. 260, 35 P.S. §716; Sewage Treatment Plant and Waterworks Operator's Certification Act, Act of November 18, 1968, P. L. 1052, 63 P.S. §1001 *et seq;* The Clean Streams Law, Act of June 22, 1937, P. L. 1987, *as amended*, 35 P.S. §691.1 *et seq.*

"(a) In order to ensure the furnishing of *adequate supplies of safe water* to the public, the Department of [Environmental Resources] *may* take action as hereinafter provided to assure the potability of water, and, if need be, the maintenance of proper treatment equipment by every permittee.

"(b) Whenever the Department of [Environmental Resources] finds any permittee is failing to meet such standards of proper potability, or, if need be, the maintenance of proper treatment equipment as are necessary to assure a *potable supply to the public,* it *may* order the permittee to make correction thereof within sixty days. On failure of the permittee to make any such ordered correction, the Department of [Environmental Resources] *may* apply for an order in the court of common pleas in the county where the permittee is located *to take over the permittee's water supply* and water treatment facilities for such period of time as may be necessary to make any such correction. In every such case, the costs of court action and expenses incident to making any such correction shall be borne by the delinquent permittee as shall be ordered by the court." The statute in referring to "adequate supplies of safe water" and to "a potable supply to the public," seems to be referring to both quality and quantity of water, although the primary thrust of the statute concerns the quality of water. The statute, however, places the Department of Environmental Resources under no mandatory duty "to take over the permittee's water supply," such mandatory duty being essential if plaintiffs are to be successful in this mandamus action.

Furthermore, we must note that plaintiffs failed to comply with Rule 1097 of the Pennsylvania Rules of Civil Procedure: "When the action [in mandamus] is commenced to compel performance of a public act or duty by a department, board, commission, instrumen-

tality, or officer of the Commonwealth, service *shall* be made at the office of the defendant *by handing a copy* of the complaint to the person in charge thereof." Service by mail was admitted by the plaintiffs in their answer to the preliminary objections and obviously failed to satisfy the mandatory provisions of Rule 1097.

Having decided that mandamus will not lie and having decided that defendants were not properly served in this case, we need not decide whether we have jurisdiction over one of the defendants herein, the Deputy Attorney General, who also is, by statute, a Deputy Secretary of the Department of Environmental Resources.[2]

Accordingly, we enter the following

### ORDER

Now, March 29, 1974, the preliminary objections of the defendants are sustained and the complaint dismissed.

---

[2] The plaintiffs, in their answer to defendant's preliminary objections and in their brief, concede that the Court does not have jurisdiction over the Special Assistant Attorneys General, three of the five defendants in this case.