Alan Frank, Plaintiff, *v.* C. DeLores Tucker, Defendant.

Argued October 6, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

384

*Stanley A. Uhr*, with him *Pechner, Sacks, Dorfman, Wolffe, Moss & Rounick, Raymond Radakovich*, and *Frank & Radakovich*, for plaintiff.

*Melvin R. Shuster*, Deputy Attorney General, with him *Robert P. Kane*, Attorney General, for defendant.

PER CURIAM, October 15, 1975:

Prior to the primary election held on May 20, 1975, and pursuant to her statutory duties under the Pennsylvania Election Code,[1] the Secretary of the Commonwealth ascertained that nine judgeships of the Court of Common Pleas of Allegheny County are to be filled at the municipal election of November 4, 1975, and so notified the Allegheny County Board of Elections. Candidates for these judgeships, among them, Alan Frank, the plaintiff in the instant action, were selected at the May primary and will appear on the November ballot in Allegheny County.

Subsequent to the primary election, two vacancies occurred on the Allegheny County Court of Common Pleas. On June 15, 1975, a vacancy was created by the death of the late Honorable ARTHUR WESSEL, JR. Judge WESSEL had been elected to a ten-year term at the municipal election held in November, 1973, and his term was not due to expire until the first Monday of January, 1984. On September 12, 1975, the Governor nominated the Honorable I. MARTIN WEKSELMAN to fill the vacancy caused by Judge WESSEL'S death, which nomination has not yet been confirmed by the Senate.[2]

A second vacancy occurred on August 31, 1975, upon the resignation of the Honorable HOMER S. BROWN. Judge BROWN was elected to a ten-year term at the municipal

---

1. Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2601 et seq.

2. Judge WEKSELMAN was defeated as a candidate for judge in the May 20, 1975 primary of both the Republican and Democratic parties.

election held in November, 1967, and his term was not due to expire until the first Monday of January, 1978. The Governor has not yet submitted to the Senate a nomination to fill this vacancy occasioned by Judge BROWN'S resignation.

On August 25, 1975,[3] plaintiff filed in this Court his complaint in mandamus seeking an order to compel the Secretary to certify to the Allegheny County Board of Elections an additional two judgeships to be filled at the forthcoming November 4, 1975 municipal election. Defendant promptly filed an answer to the complaint with new matter and plaintiff filed a reply to new matter. Then plaintiff filed a motion for summary judgment which was specially set down for argument before the Court en banc for October 6, 1975, on the October 1975 Argument List at Philadelphia, with briefs directed to be filed at time of argument. Argument was heard on that day and it is now for disposition.

A novel and important constitutional issue is posed, the resolution of which, it is asserted, will control the outcome of this proceeding. Its novelty has been spawned by the recently adopted constitutional amendment[4] to Article IV, Section 8, and Article V, Section 13 (b) of the Pennsylvania Constitution. This issue goes to judicial vacancies which occur within ten months of the next municipal election and the application of the appointing power of the Governor to fill such vacancies. Prior to the recent constitutional amendment, this issue had been the subject of controversy but appears to have been finally resolved, *Rogers v. Tucker*, 443 Pa. 509, 279 A.2d 9 (1971).

---

3. As plaintiff's complaint was filed in this Court prior to the effective date of Judge BROWN'S resignation, presumably plaintiff became aware of it prior to its effective date through an announcement thereof.

4. Adopted by the voters at the May 20, 1975 primary.

386

We decline to reach this issue, however, and shall deny plaintiff's motion for summary judgment. Our reasons follow.

Initially we note plaintiff's delay in bringing this mandamus action at least as related to the vacancy caused by the death of Judge WESSEL. In exercising our discretion with respect to causes of action in mandamus[5] where such delay is directly related to the elective process as may or may not be postponed by the Governor's appointing power, the slightest delay assuming controlling significance. If plaintiff had promptly filed this action in mandamus as to Judge WESSEL'S vacancy and his position on the underlying constitutional argument was found to be correct, the provisions of Subdivision (e) of Article IX of the Pennsylvania Election Code, 25 P.S. §2953-2956, would have afforded the machinery for the electorate through political parties and political bodies to select candidates for such an additional judgeship.

Of similar and, in our view, controlling significance is the relief sought by plaintiff. Again, assuming plaintiff's position is sound as to the underlying constitutional issue, it is abundantly clear that plaintiff does not seek to invoke a political party or political body nomination process as to these two additional judicial vacancies. To the contrary, sub silentio, he would have the electorate at the forthcoming municipal election vote for eleven judgeships from a list of successful candidates from the primary political process directed to nine judicial vacancies. The end result would necessarily be that these two judicial vacancies would never be subjected to any nominative political process. In itself, such a result poses a number of fundamental constitutional questions apart from that posed by the parties in this action.

5. *Porter v. Bloomsburg State College*, 450 Pa. 375, 301 A.2d 621, cert. denied, 414 U.S. 844 (1973); *Waters v. Samuel*, 367 Pa. 618, 80 A.2d 848 (1951); *Wheatcroft v. Tax Claim Bureau of Chester County*, 11 Pa. Commonwealth Ct. 322, 312 A.2d 840 (1973).

To decree the result that plaintiff here seeks would be to sanction without deciding that the electorate, having voted for eleven judicial vacancies from a list of candidates selected through the primary process for nine judicial offices, does not infringe upon the right of individuals to seek or the right of political parties and political bodies to select through the available processes candidates for these two additional judicial vacancies. We decline to take such a step.

### ORDER

Now, October 15, 1975, plaintiff's motion for summary judgment is denied and we enter summary judgment in favor of the defendant.[6]

---

6. Authority for entering judgment in favor of the defendant is found in *Boron v. Smith*, 380 Pa. 98, 110 A.2d 169 (1955).