642 A.2d 615

**Eric BRADWAY, Appellant,**

v.

**Lita COHEN and Committee to Elect Lita Cohen.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1993.

Decided May 23, 1994.

250

Philip J. Berg, for appellant.

Steven T. O'Neill, for appellee.

Before DOYLE and COLINS, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Eric Bradway (Bradway) appeals from an order of the Court of Common Pleas of Montgomery County which sustained the Preliminary Objections filed by Lita Cohen and the Committee to Elect Lita Cohen (collectively, Appellees) and dismissed Bradway's Motion for Preliminary and Permanent Injunction with prejudice. The issue on appeal is whether the trial court erred in dismissing Bradway's motion on the grounds that it lacked jurisdiction over the claims raised by Bradway under the Pennsylvania Election Code (Election Code).[1] We reverse.

In 1992, Bradway and Appellee Lita Cohen were the Democratic and Republican candidates, respectively, for the Office of State Representative in the 148th State Legislative District in the November 3, 1992 General Election. Bradway alleged that Appellees displayed campaign posters in the District that lacked the requisite authorization and financial information[2] required by Section 3258(a) of the Election Code.[3] Bradway

1. Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600–3573.

2. Typically, the authorization language begins with, "Paid for by...." In this case, the campaign posters depicted a photograph of Appellee Cohen with the words "Elect: Lita Cohen" above the photograph, and the words "State Representative" below the photograph. R.R. 7a–8a.

3. Added by Section 2 of the Act of October 4, 1978, P.L. 893, 25 P.S. § 3258(a).

notified the Election Board of the alleged violations and also attempted to file a private criminal complaint with the Montgomery County District Attorney's Office, seeking to have the District Attorney prosecute Appellees pursuant to Section 3260b of the Election Code.[4]

On October 29, 1992, Bradway filed a Motion for Preliminary and Permanent Injunction with the trial court after the Election Board and the District Attorney's Office allegedly failed to respond to his notification and complaint. On that same date, the court denied the request for a Temporary Restraining Order and scheduled a hearing on Bradway's request for an injunction for October 30, 1992. Appellees filed Preliminary Objections alleging that the trial court lacked subject matter jurisdiction because there was an adequate and exclusive remedy at law. On October 30, 1992, the trial court sustained Appellees' preliminary objections and dismissed Bradway's motion with prejudice.

On appeal, Bradway contends that the trial court improperly sustained Appellees' preliminary objections because his remedy at law is inadequate in that it does not address the impact of the violation on his campaign and candidacy, and the remedy does not insure the fairness of the political process. Bradway also argues that equity should lie because both the Election Board and the Montgomery County District Attorney refused to enforce the statutory remedy.

Appellees contend that the trial court lacked the subject matter jurisdiction or alternatively, that this matter has been rendered moot since Bradway has been defeated in the election and any detriment he may have suffered has also ended.[5] *Pennsylvania Liquor Control Board v. Dentici*, 117 Pa.Commonwealth Ct. 70, 542 A.2d 229 (1988). Appellees also argue that the issue of their alleged violation of the Election Code's

4. Added by Section 2 of the Act of October 4, 1978, P.L. 893, 25 P.S. § 3260b.

5. Appellees assert that the violation, if any, was de minimis. *See, e.g., Cole v. Evanina*, 139 Pa.Commonwealth Ct. 219, 590 A.2d 72 (1991). Further, they assert that upon notification by the Election Board, they immediately affixed stickers to the posters stating that they had been authorized by Appellee, The Committee To Elect Lita Cohen.

advertisement provisions is not of great public importance. Lastly, Appellees assert that while the issue of violations of Section 3258 of the Election Code is one which is capable of repetition, it will not evade review since the district attorneys will continue to review any future violations to determine whether they merit prosecution under the Election Code.

The question of whether or not a case is moot is a threshold issue which this Court must dispose of first, before considering Bradway's appeal. The general rule is that an actual case or controversy must exist at all stages of the judicial or administrative process or the matter will be dismissed as moot. *Strax v. Dep't of Transportation, Bureau of Driver Licensing,* 138 Pa.Commonwealth Ct. 368, 588 A.2d 87 (1991), *aff'd,* 530 Pa. 203, 607 A.2d 1075 (1992). However, we may decide questions that have otherwise been rendered moot where the question presented is of great public importance, involves exceptional circumstances, or is capable of repetition yet escapes review. *Id.* Election cases in particular raise the question of mootness when the election at issue has passed before the appeal can be heard. In *In re General Election, November 8, 1988,* 126 Pa.Commonwealth Ct. 450, 560 A.2d 260 (1989), this Court considered the appeal by the Republican State Committee and Republican Executive Committee of Allegheny County because the issue of whether the trial court could grant blanket authorization to the county's election officials to register untimely registration applications of over 4700 voters was deemed one of wide public importance which was recurring in nature but evaded review due to the timing aspects of the election. Similarly, because the instant appeal presents a question of public importance which is capable of repetition yet evading review, we decline to dismiss the appeal as moot and will address the merits of the appeal.

Our scope of review of a trial court's decision to sustain preliminary objections is limited to determining whether the court committed an error of law or abused its discretion. *Miller v. Kistler,* 135 Pa.Commonwealth Ct. 647, 582 A.2d 416

(1990), *petition for allowance of appeal denied,* 527 Pa. 656, 593 A.2d 427 (1991).

In sustaining Appellees' preliminary objections, Judge Rossanese explained that:

> [W]here there is a clear statutory remedy which is adequate, it is exclusive. I take into account that the legislature has taken this area of the election code and put it in the public sphere. And lastly, that the remedies for breach of this particular section are criminal and are quite exclusive to the extent that there's a mandatory jail sentence there of at least one month, not less than one month.
>
> That being the case I feel the equity has no jurisdiction in this matter. I will dismiss the complaint in equity.

N.T., October 30, 1992 Hearing, p. 21.[6]

> Section 3258(a)(1) and (2) of the Election Code provides:
> (a) Whenever any person makes an expenditure for the purpose of financing communications expressly advocating the election or defeat of a candidate, or ballot questions, through any broadcasting station, newspaper, magazine, outdoor advertising facility, direct mailing, or any other type of general public political advertising, such communication:
> (1) If authorized by the candidate, his authorized political committee or their agents, shall clearly and conspicuously state that the communication has been authorized.
> (2) If not authorized by a candidate, his authorized political committee, or their agents, shall clearly and conspicuously state the name of the person who made or financed the expenditure for the communication, including, in the case of a political committee the name of any affiliated or connected organization.

This section also provides a penalty provision, which makes a violation of any of the provisions of this section a misdemean-

6. Judge Rossanese's January 12, 1993 opinion in support of his October 30, 1992 order did not set forth his findings of fact and conclusions of law except to say that "[t]he reasons for the Court's decision are clearly stated in the Notes of Testimony ... on pages 18 through 21."

or, punishable upon conviction thereof by a fine not to exceed $1,000.00 or imprisonment of not less than one month nor more than two years, or both, in the court's discretion. Section 3258(b)(3), 25 P.S. § 3258(b)(3). Bradway contends that the statutory remedy is inadequate because it does not address the harm to his candidacy and campaign, the deprivation of a fair election, and the failure to insure the integrity of the political process if it allows the voters and the citizens of the district to be deceived by campaign literature that does not have the requisite authorization. Bradway also asserts that since the remedy was not even enforced in this instance by the Election Board and the Montgomery County District Attorney, he has not been afforded any remedy at law, let alone an adequate one. This failure to prosecute, Bradway contends, sends a message to other candidates that any violation of Section 3258, especially if it is an inadvertent mistake, will not be prosecuted.

■■■ It is a well-established rule that where there is an adequate remedy at law, equity will not lie. *Kimmel Township Taxpayers Ass'n v. Claysburg Kimmel School Dist.*, 146 Pa.Commonwealth Ct. 57, 604 A.2d 1149 (1992); *Tulio v. State Horse Racing Comm'n*, 79 Pa.Commonwealth Ct. 305, 470 A.2d 645 (1984); *Dep't of Environmental Resources v. Williams*, 57 Pa.Commonwealth Ct. 8, 425 A.2d 871 (1981). As this Court stated in *Tulio*, "[t]his is particularly true where the remedy at law is set forth in a statute relating to the subject matter of the case." *Id.*, at 308, 470 A.2d at 647. However, the courts are not without flexibility to act, and the statutory procedure need not be followed if it is inadequate to the task of resolving valid objections or if a plaintiff's pursuit thereof will cause him or her irreparable harm. *Bliss Excavating Co. v. Luzerne County*, 418 Pa. 446, 211 A.2d 532 (1965).

■■■ Furthermore, the fact that the act complained of in this case is criminal in nature will not prevent equity from restraining it, where the remedy at law is deemed inadequate. There are a number of cases in this Commonwealth in which the courts have restrained criminal conduct upon petition of a

party that the criminal penalty was inadequate to redress the acts complained of. *See, e.g., Dauphin County Bar Ass'n v. Mazzacaro,* 465 Pa. 545, 351 A.2d 229 (1976) (public adjuster's representation of third-party claimants was enjoinable as constituting unauthorized practice of law); *Everett v. Harron,* 380 Pa. 123, 110 A.2d 383 (1955) (exclusion of persons on the basis of race in violation of criminal statute under which all persons are entitled to full and equal accommodation and privileges of places of public accommodation, resort or amusement was enjoinable); *Boggs v. Werner,* 372 Pa. 312, 94 A.2d 50 (1953) (unlawful practice of dentistry enjoined); *Palmer v. O'Hara,* 359 Pa. 213, 58 A.2d 574 (1948) (unlawful practice of medicine restrained); *Shortz v. Farrell,* 327 Pa. 81, 193 A. 20 (1937), and *Childs v. Smeltzer,* 315 Pa. 9, 171 A. 883 (1934) (unauthorized practice of law enjoined).

In the matter *sub judice,* the rights sought to be protected by Bradway in seeking equitable relief are the rights of every candidate to a fair election and the right of the voters to disclosure. We hold that the statutory remedy afforded Bradway was inadequate [7] and as such, the trial court had subject matter jurisdiction over his request for equitable relief. Accordingly, we reverse the order of the trial court and remand for the trial court's dismissal of Bradway's Motion as being moot at this point.

### ORDER

AND NOW, this 23rd day of May, 1994, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is reversed and remanded to the trial court

---

7. We acknowledge that the trial court's authority to entertain an action in equity involving the Election Code has been termed "questionable" by this Court in *Tartaglione v. Graham,* 132 Pa.Commonwealth Ct. 578, 573 A.2d 679 (1990). Moreover, while there is support for Appellees' position in *Brunwasser v. Fields,* 487 Pa. 283, 409 A.2d 352 (1979); *Lurie v. Republican Alliance,* 412 Pa. 61, 192 A.2d 367 (1963); and *Reese v. County Board of Elections of Lancaster County,* 10 Pa.Commonwealth Ct. 448, 308 A.2d 154 (1973), these cases are distinguishable. In each of these cases, unlike here, the statutory remedy for the asserted violation of the specific provision of the Election Code was found to be adequate, and thus equity had no jurisdiction.

for entry of an order dismissing Appellant's Motion for Preliminary and Permanent Injunction as moot.

Jurisdiction relinquished.