# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ashley S. Ryckman,                          :
                        Appellant      :
                                   :
                  v.                    :  No. 472 C.D. 2018
                                   :  Argued:  October 15, 2018
Crawford County Board of Elections        :

**BEFORE:**    **HONORABLE MARY HANNAH LEAVITT,** President Judge
                    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                    **HONORABLE ELLEN CEISLER,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                  **FILED: November 16, 2018**

Ashley S. Ryckman (Ryckman) appeals a November 30, 2017 Order (Order) of the Crawford County Court of Common Pleas (common pleas) denying her Emergency Motion for Peremptory Judgment and Preliminary Injunction (Emergency Motion) against the Crawford County Board of Elections (Board). Ryckman appealed the Order by notice of appeal dated December 29, 2017, and common pleas recommended that we quash the appeal pursuant to Pennsylvania Rule of Appellate Procedure 903(c)(1)(ii), Pa.R.A.P. 903(c)(1)(ii) (Rule 903(c)(1)(ii)),[1] as an untimely appeal of an election matter.  Upon review, we quash.

---

[1] Pennsylvania Rule of Appellate Procedure 903 provides:

**(Footnote continued on next page…)**

This case arises out of the November 7, 2017 general election conducted in Crawford County. Ryckman and Rhonda J. Klink (Klink) were the respective Democrat and Republican nominees for the office of South Shenango Township Tax Collector. Klink died on October 29, 2017, but her name remained on the ballot for the general election. The election returns showed that Klink received 205 votes and Ryckman received 201 votes. On November 20, 2017, Ryckman filed an action for declaratory judgment and a complaint in mandamus requesting an order declaring, *inter alia,* her to be elected to the office of South Shenango Township Tax Collector, as she was the "person" receiving the highest number of votes, as per Section 1417 (Section 1417) of the Pennsylvania Election Code (Election Code), 25 P.S. § 3167.[2] Section 1417 provides: "[e]xcept as otherwise provided by law, the persons receiving the highest number of votes for any office

---

**(continued…)**

> **(a) General Rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.
>  . . . .
>
> **(c) Special Provisions.** Notwithstanding any other provision of this rule:
>
>  (1) An appeal from any of the following orders shall be taken within ten days after the entry of the order from which the appeal is taken:
>  . . . .
>
>   (ii) An order in any matter arising under the Pennsylvania Election Code.

Pa.R.A.P. 903(a), (c)(1)(ii).
  [2] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 3167.

at any election shall be declared elected to such office . . . ." *Id.* Also on November 20, Ryckman filed the Emergency Motion, seeking a declaration that she was the "person" receiving the highest number of votes, and a preliminary injunction enjoining the Board from certifying Klink as the winner of the election. Following a hearing on November 29, 2017, common pleas issued the Order denying Ryckman's Emergency Motion, which Ryckman appealed. Ryckman's appeal, dated December 29, 2017, was filed on January 2, 2018.[3] In its opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), common pleas recommended quashing the appeal as untimely because it was not brought within 10 days as required by Rule 903(c)(1)(ii).

Before this Court,[4] Ryckman argues that her appeal was timely and common pleas erred by not entering peremptory judgment in her favor and enjoining the Board from certifying Klink as the winner. Ryckman maintains that the Election Code does not apply because it does not contemplate this unique situation, which Ryckman characterizes as the election of a "non-person." (Ryckman's Brief (Br.) at 16.) Rather, Ryckman argues that this is an "action in mandamus and request

---

[3] Common pleas issued an order on December 29, 2017, ordering Ryckman to file a Statement of Errors Complained of on Appeal within 21 days, which she did on January 19, 2018. Ryckman appealed to the Superior Court, which transferred the matter to this Court by order dated April 5, 2018. By order of this Court dated April 11, 2018, the parties were directed to address in their briefs on the merits why the appeal should not be dismissed as untimely under Rule 903(c)(1)(ii).

[4] In a mandamus action, our standard of review is limited to determining whether common pleas abused its discretion, whether common pleas committed an error of law, or whether common pleas' findings are supported by sufficient evidence. *Cty. of Carbon v. Panther Valley Sch. Dist.*, 61 A.3d 326, 331 n.3 (Pa. Cmwlth. 2013). "Our review of a trial court's order granting or denying preliminary injunctive relief is 'highly deferential.'" *Chruby v. Dep't of Corr.*, 4 A.3d 764, 768 n.2 (Pa. Cmwlth. 2010) (citation omitted). Therefore, we "examine the record to determine if there were any apparently reasonable grounds for the action of the court below." *Id.*

3

for injunctive relief" arising from rights guaranteed to her by the Pennsylvania Constitution, which outlines the terms and qualifications for elections. (*Id.* at 17.) Given this requested relief, Ryckman contends this is not an appeal of an Election Code matter and, therefore, the 10-day time limitation for appealing under Rule 903(c)(1)(ii) does not govern. Regarding whether common pleas erred in denying peremptory judgment and injunctive relief, Ryckman claims that Klink, a deceased individual, does not qualify as a "person" who can be declared to have the highest number of votes under Section 1417.[5] Thus, Ryckman argues that the Board has a duty to declare the person receiving the highest number of votes elected to office and peremptory mandamus should be entered requiring the Board to declare Ryckman the election winner. Further, Ryckman asserts that an injunction is proper, as it is necessary to avoid immediate and irreparable harm, she has a clear right to relief, and she is likely to succeed on the merits.

The Board argues Ryckman's appeal is untimely and, even if it is not, Pennsylvania case law dictates that where a deceased candidate receives the highest number of votes, a vacancy arises to be filled in accordance with law. Noting that Ryckman's complaint references the Election Code and arises out of the November 2017 general election, the Board argues Ryckman is subject to the 10-day appeal deadline under Rule 903. The Board further asserts that the case is controlled by *Derringe v. Donovan*, 162 A. 439 (Pa. 1932), where the

---

[5] Ryckman's contention relies upon defining the term "person," as she asserts that Klink, a deceased candidate, cannot be considered a "person" for purposes of Section 1417. In making this argument, Ryckman contrasts the definition of "person" from Section 1991 of the Statutory Construction Act of 1972, *see* 1 Pa. C.S. § 1991 ("a corporation, partnership, limited liability company, business trust, other association, government entity (other than the Commonwealth), estate, trust, foundation or natural person") with the definition of "decedent," *see decedent* BLACK'S LAW DICTIONARY (10th ed. 2014) ("a dead person, esp. one who has died recently").

4

Pennsylvania Supreme Court held that an office is considered vacant when a deceased candidate receives the highest number of votes.

Rule 903(a) sets forth the general rule that notices of appeal "shall be filed **within 30 days** after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a) (emphasis added). Rule 903(c)(1) also enumerates exceptions to the 30-day appeal deadline, one of which is "[a]n order in any matter **arising under** the Pennsylvania Election Code," which "shall be taken **within ten days** after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(c)(1)(ii) (emphasis added). The Election Code provides for enforcement of many of its provisions, such as nomination and election challenges or auditing requirements. *See, e.g.*, Section 1637 of the Election Code, 25 P.S. § 3257[6] (relating to enforcement of expense provision violations); Sections 1701-1774 of the Election Code, 25 P.S. §§ 3261-3474 (relating to procedures for recounts and contests). Accordingly, this Court has found that such enforcement actions implicate the appeal deadline for Election Code matters. *See In re Nomination Petition of Gloria M. Morgan*, 428 A.2d 1055, 1056 (Pa. Cmwlth. 1981) (relating to petitions to strike nominating petitions brought pursuant to the Election Code). However, the Court has not often examined whether other actions also implicate the appeal deadline.

We therefore examine whether Ryckman's claim is a "matter arising under the Election Code" for purposes of Rule 903(c)(1)(ii). Black's Law Dictionary defines the term "matter" as "something that is to be tried or proved; an allegation forming the basis of a claim or defense." *Matter*, BLACK'S LAW DICTIONARY (10th ed. 2014). It defines "arise" to mean "[t]o originate; to stem (from)" or "[t]o result

---

[6] Added by Section 2 of the Act of October 4, 1978, P.L. 893.

5

(from)." *Arise*, BLACK'S LAW DICTIONARY (10th ed. 2014). Under the plain language of Rule 903(c)(1)(ii), matters arising under the Election Code can include not only actions brought pursuant to the Election Code, but also a claim which originates from the Election Code.

Ryckman's claim, while not brought pursuant to an enforcement provision, is grounded in the Election Code. Ryckman challenges the certification of an elected candidate for the office of South Shenango Township Tax Collector through an argument that exclusively hinges upon the interpretation and application of Section 1417, an Election Code provision. Further, the rights that Ryckman sought common pleas to declare (the determination that she was the person receiving the highest votes) and the action she sought common pleas to enjoin (the declaration of Klink as the person with the highest votes), all derive from enforcement of Section 1417. (*See* Ryckman's Br. at 13.)

Moreover, an interpretation of a "matter arising under the Pennsylvania Election Code" to include a claim such as Ryckman's is consistent with the purpose of the Election Code and Rule 903(c)(1)(ii), which recognize the inherent time constraints of elections. Enforcement sections of the Election Code require that objections and other actions be brought quickly, much like appeals under Rule 903(c)(1)(ii). *See* Section 977 of the Election Code, 25 P.S. § 2937 (7-day deadline for petitions objecting to nominating petitions and papers); Section 1756 of the Election Code, 25 P.S. § 3456 (20-day deadline to file contested election petitions). In fact, as we have noted with respect to petitions challenging nominations, an "overriding consideration . . . of the Election Code is the expeditious resolution of objections," which should not be undermined by an interpretation that would "frustrate the carefully designed time frame established

6

under the [Election] Code." *In re Nomination Petitions & Papers of Daniel G. Keller*, 994 A.2d 1165, 1168 (Pa. Cmwlth. 2010) (quoting *In re Johnson*, 502 A.2d 142, 145 (Pa. 1985)). The policy reasons underlying the time limitations in the Election Code allow for the "prompt resolution of election contests" before a declared winner would assume office, which is critical to the continued efficiency of government operations. *Koter v. Cosgrove*, 844 A.2d 29, 33 (Pa. Cmwlth. 2004). Ryckman's challenge is one that needed to be resolved quickly in order for a new tax collector to take office.[7] To allow a 30-day window for appeal of a matter of this nature would undercut the unique time considerations contemplated in the Election Code.

Ryckman contends that "[t]his is an action in mandamus and request for injunctive relief" rather than an Election Code matter. (Ryckman Br. at 17.) However, actions brought in mandamus and actions brought under provisions of the Election Code are not mutually exclusive. In both our original and appellate jurisdiction, we have reviewed Election Code matters where the parties seek equitable relief. *See Bradway v. Cohen*, 642 A.2d 615 (Pa. Cmwlth. 1994); *Frank v. Tucker*, 346 A.2d 848 (Pa. Cmwlth. 1975). Indeed, this Court has found that actions in equity brought under the auspices of the Election Code can be maintained if the remedy provided in the Election Code is insufficient. *Bradway*, 642 A.2d at 619. We reject the notion that the remedy Ryckman seeks can render

---

[7] We note that The Second Class Township Code provides procedures for filling this vacancy. The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101-68701. Specifically, it states "if a vacancy occurs in the office by death . . . , the board of supervisors may appoint a successor who is a registered elector of the township and has resided in that township continuously for at least one year prior to their appointment." Section 407(a) of The Second Class Township Code, added by Section 1 of the Act of November 9, 1995, *as amended*, 53 P.S. § 65407(a).

7

her challenge to the certification of election results a matter not arising under the Election Code.

Ryckman's claim centers on the interpretation and application of the Election Code and implicates a time-sensitive matter of the nature that Rule 903(c)(1)(ii) and the Election Code intend to accommodate. Therefore, this is a "matter arising under the Pennsylvania Election Code" for purposes of Rule 903(c)(1)(ii). Pa.R.A.P. 903(c)(1)(ii). Common pleas' Order denying relief was filed on November 30, 2017, meaning the notice of appeal had to be filed within 10 days. Ryckman did not give notice of appeal from the Order until 29 days later in her notice of appeal dated December 29, 2017. Therefore, the appeal is untimely and common pleas properly recommended that it be quashed as such. Accordingly, we must quash the appeal as untimely.[8]

_____

**RENÉE COHN JUBELIRER,** Judge

---

[8] With regards to the merits of this appeal, we briefly note that the Pennsylvania Supreme Court's decision in *Derringe* sets forth the general rule that "where the votes cast for a dead candidate for public office would be, were he alive, sufficient to elect him, that office becomes vacant." 162 A. at 441. The Court continued to follow *Derringe* even after enactment of the Election Code, and no provision of the Election Code has superseded the holding in *Derringe*. *See In re Primary Election Held in Lackawanna Cty. May 19, 1942* (*Appeal of McLane*), 27 A.2d 189 (Pa. 1942). Therefore, the majority of votes cast for Klink created a vacancy to be filled in accordance with any relevant provisions of the law. Indeed, to hold to the contrary would be to invalidate the expressed will of the majority of voters, "which is the cornerstone of orderly government." *Derringe*, 162 A. at 441. *See also Evans v. State Election Bd. of State of Okla.*, 804 P.2d 1125, 1130 (Okla. 1990) (following the rationale of *Derringe*, noting that to nullify the votes for a deceased candidate "would deprive the electorate of any choice"); *State of W.Va. ex rel. Jackson v. Cty. Ct. of McDowell Cty.*, 166 S.E.2d 554, 559 (W.Va. 1969) (following *Derringe*, because to hold otherwise "would be repugnant to the principle of majority rule which is a cornerstone of our form of government").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ashley S. Ryckman,      :
      Appellant  :
          :
    v.      :  No. 472 C.D. 2018
          :
Crawford County Board of Elections :

## **O R D E R**

**NOW**, November 16, 2018, the appeal of Ashley S. Ryckman from the Order of the Crawford County Court of Common Pleas, entered November 30, 2017, in the above-captioned matter, is **QUASHED.**

_____
**RENÉE COHN JUBELIRER,** Judge