(711 P.2d 766)

No. 57,484

James B. Pierce and Mary Jo Pierce, *Appellees*, v. Paul Casady and DeLena Casady, *Appellants*.

Opinion filed December 31, 1985.

*Edwin H. Bideau III*, of Bideau Law Offices, of Chanute, for appellants.

*Richard G. Tucker*, of Law Offices of Richard G. Tucker, of Parsons, for appellees.

Before Abbott, C.J., Swinehart and Meyer, JJ.

Abbott, C.J.: Defendants, Paul and DeLena Casady, appeal from the trial court's judgment that a tree growing on their property with branches overhanging the property of plaintiffs, James and Mary Jo Pierce, is a nuisance.

Plaintiffs and defendants are adjoining landowners. The dis-

pute between them concerns a 75-year-old pecan tree, the trunk of which is on defendants' property but one foot away from plaintiffs' property line. The tree, 75 feet in height, leans toward plaintiffs' property at an angle. Approximately 75 percent of the tree's canopy overhangs plaintiffs' property.

The tree has a split in the fork which is above plaintiffs' property. The length of the split on one limb is four feet and on the other, approximately two feet. If the tree fell due to the split, it would fall on plaintiffs' property, damaging their garage, home and any automobiles in the driveway. Trimming the tree at the property line is not practical because of its location and the angle at which it leans.

Plaintiffs petitioned the court for a declaratory judgment that they had the right to cut the overhanging branches back to their property line or, in the alternative, to declare the tree a nuisance to be abated by removal. The trial court ruled that defendants had not acquired a prescriptive right to the airspace the tree occupies, and that the tree constitutes a nuisance and is a danger to plaintiffs, causing them to fear for their safety. Defendants were ordered to abate the nuisance by removing the tree either at its base or at the point where it crosses plaintiffs' property line.

Defendants' first argument on appeal is that the trial court erred in finding no prescriptive easement to the airspace above plaintiffs' property. Defendants' argument is without merit. An easement through the airspace generally may not be obtained by prescription. *Hinman v. Pacific Air Transport*, 84 F.2d 755, 759 (9th Cir. 1936). There is no case law that suggests an interest by prescription may be acquired by overhanging tree branches.

Defendants argue the tree is not a nuisance. Whether a tree constitutes a nuisance is a case of first impression in Kansas. Whether the tree is a nuisance has practical application to this case. A landowner has a right to trim branches that overhang the landowner's property even though the trunk of the tree is on a neighbor's land. The landowner may not, however, go on the neighbor's land and remove the tree or any part thereof absent the neighbor's permission. If the tree is a nuisance, the land-owner may compel the neighbor to abate the nuisance or, if an injury occurs, look to the neighbor to pay any damages allowable by law. In this case it appears that if the tree is trimmed at the property line it is, in essence, destroyed. In any event, the trial

court gave defendant the option of removing the entire tree or cutting it off at the property line.

Whether the tree is a nuisance is a question of fact. Our scope of review is limited as to questions of fact and is so well-defined that we need not set it forth.

Jurisdictions that have considered whether a tree constituted a nuisance have taken different approaches. The cases from other jurisdictions suggest three theories. First, a tree is a nuisance when it constantly drops branches and requires constant maintenance. *Bonde v. Bishop,* 112 Cal. App. 2d 1, 245 P.2d 617 (1952). Second, a tree is a nuisance when there is a statute so defining it. *Gostina v. Ryland,* 116 Wash. 228, 199 Pac. 298 (1921). Finally, a tree becomes a nuisance when it does substantial harm or creates an immediate danger of causing harm. See *Sterling v. Weinstein,* 75 A.2d 144 (D.C. 1950) (overhanging branches constitute a nuisance only when they do sizeable or substantial harm); *Whitesell v. Houlton,* 2 Hawaii Ct. App. 365, 632 P.2d 1077 (1981) (overhanging branches are nuisances when they actually cause harm to property or the danger of their causing harm is imminent); *Turner v. Coppola,* 102 Misc. 2d 1043, 424 N.Y.S.2d 864 (1980) (trees are not ordinarily nuisances unless decayed or dangerously unsound). See also Annot., 18 A.L.R. 655; Annot., 76 A.L.R. 1111; Annot., 128 A.L.R. 1221; 1 Am. Jur. 2d, Adjoining Landowners §§ 25, 26, 126, 127.

We choose to follow the jurisdictions holding that trees constitute a nuisance if the overhanging branches do substantial harm or the overhanging branches create an imminent danger.

In the case at bar, the trial court found the tree to be a danger to plaintiffs, reasonably causing them to fear for their safety. There is evidence to support that finding: the split in the fork of the tree located above plaintiffs' property, the squeaking sound when the wind blows alleged by plaintiffs but denied by defendants, the angle at which the tree leans toward plaintiffs' property, and the testimony of the experts.

Defendants' argument that the tree could be made safe by cables and bolts is of no avail because the work would have to be done in plaintiffs' airspace. Defendants have no right to go on plaintiffs' property to do that work for the same reasons plaintiffs have no right to go on defendants' property to trim or cut down

the tree. Likewise, they have no right to the use of plaintiffs' airspace in order to support any part of their tree.

The result reached here will be distasteful to all who treasure trees. The philosophy of the law is simply that whenever neighbors cannot agree, the law will protect each property owner's rights insofar as that is possible. Any other result would cause landowners to seek self-help or to litigate each time a piece of vegetation starts to overhang their property for fear of losing the use or partial use of their property as the vegetation grows.

The record, when viewed in a light most favorable to the party who prevailed at trial, supports the trial court's judgment that the tree is a nuisance.

Affirmed.