John J. KORESKO, V, and Bonnie
J. Koresko, Appellants

v.

Mark FARLEY, Seaton Ross, L.P.,
Township of Tredyffrin, Bryn Mawr
Custom Home, Inc. and Ollie Bower.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 31, 2003.
Decided March 10, 2004.

Virginia I. Miller, Philadelphia, for appellants.

Susan C. Mangold, West Chester, for appellee, Township of Tredyffrin.

Scott E. Yaw, Malvern, for appellees, M. Farley, Seaton Ross, L.P., et al.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge SIMPSON.

In this case of first impression we are asked whether a prescriptive easement over land arises from encroaching tree roots and overhanging branches. The Court of Common Pleas of Chester County (trial court) concluded no such easement arose and granted judgment on the pleadings. We affirm.

John J. Koresko and Bonnie J. Koresko (Neighbors) purchased property in the Township of Tredyffrin (Township) in June 1996. Located near the one property line are several trees over 21 years in age, which hang over the boundary with the neighboring property (subdivided property). The impact of proposed development of the subdivided property on these trees is the basis of this litigation.

The subdivided property, containing a single residence, was owned by Ollie Bower. In 1999, Bower agreed to sell the property to M.J. Farley Development Co. Inc. That company submitted a subdivision plan seeking to divide the Bower property and to construct a second residence. The subdivision was approved by the Township supervisors, and the plan was recorded. Neighbors did not appeal subdivision approval.

The subdivision plan proposed the installation of a water line and the construction of a driveway near the boundary trees. Upon learning of the proposal, Neighbors sued in equity seeking injunctive relief and monetary damages.[1] In their complaint, Neighbors averred the driveway and trench would damage the root systems of the boundary trees. Ultimately, Neighbors filed an amended complaint containing several causes of action:

> Neighbors claim unreasonable interference with an easement. Specifically, they claim that, because their trees' roots and branches encroached on the

1. The complaint named as defendants: Mark Farley, Ollie Bower, Seaton Ross, L.P., Bryn Mawr Custom Home, Inc., and the Township. Seaton Ross, L.P. was the record owner of the subdivided property at the time Plaintiffs initiated their equity action. Bryn Mawr Custom Home, Inc. was a corporation which was a general partner in Seaton Ross, L.P. Plaintiffs aver these entities, and M.J. Farley Development Co., Inc. were sham corporations and were alter egos of defendant Mark Farley. Stephen D. Kaye/Diana S. Kaye and Robert W. Grupp/Jan M. Grupp the eventual buyers of the developed property, were later joined as defendants.

subdivided property for over 21 years, a prescriptive easement existed for the tree roots and branches. They assert development of the property would unreasonably interfere with that easement; and

Neighbors claim the subdivision was defective as a matter of law. In particular, the subdivision plan fails to display the existence of the boundary trees and provide notice of the possible existence of an easement, and fails to "list proposed material improvements, including installation of propane tanks in the setback areas." Reproduced Record (R.R.) at 731a. Neighbors also aver they were not given notice of subdivision approval; and

Neighbors aver violations of subdivision approval arising from destruction of trees on the subdivided property, contrary to plans;[2] and

Neighbors claim violations of the zoning ordinance arising from burying propane tanks in the designated setback area adjacent to their property;˙ and

Neighbors present an undeveloped claim that they were "deprived their property rights without compensation or due process of law … in violation of the Constitution of Pennsylvania and the United States of America and the applicable provisions of state and federal law." R.R. at 732a.

After considerable litigation, all defendants requested judgment on the pleadings. The trial court granted all judgments on the pleadings, holding, "Pennsylvania does not and will not recognize an easement for tree roots or overhanging branches." Trial Court Order, December 4, 2002. Further, noting that the Pennsylvania Municipalities Planning Code (MPC)[3] provides the exclusive means for challenging a subdivision, the trial court determined "the pleadings fail to state any cause of action based upon the subdivision approval." Trial Court Order, December 4, 2002.[4]

Neighbors appeal to this Court presenting several arguments which we address in revised order.[5]

2. Neighbors also alleged various agents trespassed on their property and damaged several of the boundary trees. This count was ultimately discontinued to facilitate immediate review.

3. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101—11202.

4. Neighbors filed a motion requesting the disqualification of the Township's attorney due to an asserted conflict of interest. They argued that the law firm representing the Township in this equity action, Lamb, Windle, & McErlane (Law Firm), simultaneously represented Neighbor John Koresko in a collection action against defendant Mark Farley. Neighbors' motion to disqualify was denied as moot because no viable causes of action remained.

5. As a preliminary matter, various defendants challenge Neighbors' two statements of matters complained of on appeal. The first, filed

within the 14–day limit set by Pa. R.A.P. 1925(a), was five pages in length and raised 14 issues. Thereafter, an untimely amended statement expanded the specification of error relating to one issue. Various defendants argue the timeliness and length of Neighbors' amended 1925 statement preclude this Court's review.

Although the wisdom of including 14 issues in a 1925 statement is unclear, this Court declines to deem issues waived due to the length, complexity or prolixity of an appellant's statement. *See Caln Nether Co. v. Bd. of Supervisors of Thornbury Township,* 840 A.2d 484 (Pa.Cmwlth.2004). Further, despite defendants' assertion that the untimely amended statement contains issues not raised in the original statement, our review demonstrates otherwise. Accordingly, this Court declines to hold any issues waived.

In an appeal from a decision granting judgment on the pleadings, our review is limited to determining whether the trial court committed an error of law or abused its discretion. *Smith and McMaster, P.C., v. Newtown Borough*, 669 A.2d 452 (Pa.Cmwlth.1995). When reviewing a trial court's decision to grant a motion for judgment on the pleadings, we may consider only the pleadings, accepting as true all well pleaded statements of fact, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed. *Bradley v. Franklin County Prison*, 674 A.2d 363 (Pa.Cmwlth.1996). We may sustain the trial court's grant of judgment on the pleadings only where the movant's right to succeed is certain and the case is so free from doubt that trial would be a fruitless exercise. *Id.*

### I.

Neighbors assign as error the failure to recognize a prescriptive easement for encroaching tree roots and overhanging branches.

A prescriptive easement is a right to use another's property which is not inconsistent with the owner's rights and which is acquired by a use that is open, notorious, and uninterrupted for a period of twenty-one (21) years. *Waltimyer v. Smith*, 383 Pa.Super. 291, 556 A.2d 912 (1989). A prescriptive easement, once acquired, may not be restricted unreasonably by the possessor of the land subject to the easement. *Palmer v. Soloe*, 411 Pa.Super. 444, 601 A.2d 1250 (1992).

In *Jones v. Wagner*, 425 Pa.Super. 102, 624 A.2d 166 (1993), the Superior Court held that overhanging tree branches are a trespass. A landowner has the right to compel removal of overhanging branches or engage in self-help. However, in dis-

cussing the appropriateness of self-help, the Superior Court mused in a note:

> The Restatement notes that a continuing trespass is not a trespass at all if the actor causing the trespass has obtained an easement by adverse possession. Restatement (Second) of Torts § 161, comment d. *We cannot help but wonder whether the continued presence of encroaching tree branches, held openly, notoriously, hostilely, and continually for 21 years would create a prescriptive easement in the airspace which they hang.* If this would be the case, and we can find no Pennsylvania law which would indicate that a prescriptive easement is not available in this situation, a landowner who suffers actual harm for the first time during the tree owner's twenty-second year of hostile ownership, might very well be precluded from seeking a judicial, or even self-help, remedy. This result, while not entirely unforeseeable, is anomalous. However, if an action is available without a showing of damage, the landowner has no reason to complain if a neighbor's tree causes damage after the prescriptive period has run. *See, contra, Pierce v. Casady*, 11 Kan.App.2d 23, 711 P.2d 766 (1985) (holding that airspace is generally not subject to prescriptive rights).

*Jones*, 624 A.2d at 171, note 3 (emphasis added).

Citing this language from *Jones*, Neighbors argue their amended complaint sufficiently pleads a cause of action for unreasonable interference with an easement. In contrast, defendants assert Neighbors fail to sufficiently establish the existence of an easement. Specifically, they argue the encroachment of the tree roots and branches is not "open and notorious" conduct sufficient to create an easement.

We conclude Neighbors fail to state a claim for prescriptive easement as

a matter of law, for several reasons. First, encroaching tree roots and limbs by themselves cannot notify a landowner of a claim to use the ground. Second, no Pennsylvania case recognizes such easements. Third, well-reasoned authority from another jurisdiction persuades us that such easements should not be recognized. Finally, the potential of widespread uncertainty occasioned by such easements convinces us that they should not be recognized as a matter of public policy.

"The requirement that, to be adverse, a use must be open and notorious is for the protection of those against whom it is claimed to be adverse. It enables them to protect themselves against the effect of the use by preventing its continuance." Restatement of Property, Servitudes § 458, comment h. This requirement may be satisfied by a showing that either the land owner against whom the use is claimed has actual knowledge of the use or has had a reasonable opportunity to learn of its existence. *Id.*

■ Encroaching tree parts, by themselves, do not establish "open and notorious" use of the land. Neither roots below ground nor branches above ground fairly notify an owner of a claim for use at the surface. In the absence of additional circumstances, such as use of the ground for maintenance or collection of leaves or fruit, roots and branches alone do not alert an owner that his exclusive dominion of the ground is challenged. This conclusion is analogous to our Supreme Court's decision that the known presence of windows near a lot line does not create a prescriptive easement for light and air. *Maioriello v. Arlotta,* 364 Pa. 557, 73 A.2d 374 (1950). Indeed, such an easement cannot be created by prescription. *Id.*

*Jones,* upon which Neighbors rely, does not hold otherwise. The Court in *Jones*

actually held that encroaching tree limbs are a trespass which a property owner may remove. *Dictum* in a footnote does not recognize an encroaching tree part prescriptive easement. Rather, the court concedes that no prior Pennsylvania case addresses the issue. In any event, the *dictum* is not precedential.

In *Pierce v. Casady,* 11 Kan.App.2d 23, 711 P.2d 766 (1985) the Court of Appeals of Kansas held an easement by prescription cannot be acquired by overhanging tree branches. Writing for the Court, Chief Judge Abbott noted that defendants could not make the tree safe because the work would have to be done in the plaintiffs airspace. *Id.* at 768. Defendants have no right to go on plaintiffs property to do that work for the same reasons plaintiffs have no right to go on defendants property to trim or cut down the tree. *Id.* The Court concluded with a statement so clear, simple and true as to convince us of its wisdom:

> The result reached here will be distasteful to all who treasure trees. The philosophy of the law is simply that whenever neighbors cannot agree, the law will protect each owners rights insofar as that is possible. Any other result would cause landowners to seek self-help or to litigate each time a piece of vegetation starts to overhang their property for fear of losing the use or partial use of their property as the vegetation grows.

*Id.* We agree with the reasoning and holding in *Pierce,* and we expressly adopt it in Pennsylvania.

Finally, we consider the consequences of the holding urged by Neighbors here. Judicial notice can be taken that trees growing over property boundaries and streets, around utility lines, and under sidewalks are common in Pennsylvania. A decision

suggesting that the prolonged presence of these tree parts assures their unreduced continuation could cause uncertainty. Both the extent of the prescriptive easement and its effect on public and private use are problematic. As a matter of sound public policy, we decline to recognize a new estate which offers uncertainty and invites clarification through litigation.

For the reasons stated, we hold the trial court did not err when it granted judgment on the pleadings on the claim of unreasonable interference with an easement.[6]

## II.

■ Neighbors next argue the trial court's grant of judgment on the pleadings was contrary to its earlier denial of a preliminary objection in the nature of demurrer and thus violated the law of the case doctrine.

■ "The coordinate jurisdiction rule falls within the 'law of the case' doctrine which embodies the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of the same court in the earlier phases of the matter." *Nat'l Ry. Passenger Corp. v. Fowler*, 788 A.2d 1053, 1060 (Pa.Cmwlth.2001). The "coordinate jurisdiction rule" recognizes that judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions. *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326 (1995). It is premised on the policy of fostering finality in pre-trial proceedings in order to promote judicial economy and efficiency. *Id.*

In *DiAndrea v. Reliance Sav. & Loan Assoc.*, 310 Pa.Super. 537, 456 A.2d 1066, 1070 (1983), the Superior Court considered whether judgment on the pleadings could be granted after an earlier denial of demurrer:

> The motion for judgment on the pleadings is one of several pretrial mechanisms to save the parties the expense of having to go to trial on the merits before examining the legal sufficiency of the case. Even after the denial of an earlier demurrer, it permits the trial judge to re-examine the legal sufficiency of the case in light of additional facts and legal theories developed as a result of new matter and the reply thereto. Alternatively, in cases of first impression, the trial judge by denying the demurrer initially can permit the parties to fully develop the facts of the case before ruling on its legal sufficiency. In instances, like the instant case, where no further factual development occurs, the motion for judgment on the pleadings will permit the trial judge to consider any relevant legal authority decided in the interim period. Should the motion simply repeat the earlier arguments rejected in the demurrer, the trial judge may exercise his discretion to deny it.

■ We discern no reversible error. As discussed in *DiAndrea*, the coordinate jurisdiction rule does not preclude a judge's reevaluation of legal arguments at a later stage of litigation. That occurred here. More importantly, this Court is not bound by the trial court's decision on preliminary objections. We conclude no prescriptive easement arises for encroaching tree parts. The trial court's prudent delay

---

**6.** Neighbors contend that the trial court's consideration of evidentiary problems in establishing the extent of the easement was improper at the judgment on the pleadings stage. As we determine prescriptive easements for encroaching tree parts do not exist as a matter of law, we need not address this contention.

in coming to the same conclusion is harmless.

## III.

Neighbors next argue the trial court erred in determining the MPC is the exclusive method for challenging the subdivision. Neighbors' action regarding the subdivision asserts two groups of issues. The first group involves the validity of the subdivision itself. The second group involves the failure of the private defendants to comply with ordinances and conditions contained in the subdivision during the development of the property.

### A. *Challenges to the validity of the Subdivision*

█ Neighbors argue proceedings under the MPC are not the exclusive method to object to the validity of the subdivision. In the amended complaint, Neighbors aver the subdivision is defective as a matter of law because of failure to notify neighboring property owners of the proceedings, failure to display the existence of the boundary trees and possible easement, and failure to "list proposed material improvements, including installation of propane tanks in the setback areas." R.R. at 731a. Neighbors further argue that the subdivision failed to comply with Tredyffrin Township Subdivision and Land Development Ordinance (Ordinance) § 181–43 [7] by failing to protect the boundary trees.

7. Ordinance § 181–43 states:
 Every subdivision or land development plan shall be designed to preserve and protect the natural features of the land, including ... large trees standing alone or in groves.... The burden shall be on the applicant to justify any material changes in the natural features of the land, including those features set forth above, by satisfactory proofs that subdivision or land development would not be feasible without such changes and that there are no practical alternatives to the material change.

Section 1001–A of the MPC, added by the Act of December 21, 1988, P.L. 1329, provides "[t]he procedures set forth in this article shall constitute the *exclusive mode for securing review* of any decision rendered pursuant to Article IX [8] or deemed to have been made under this act." 53 P.S. § 11001–A (emphasis added). Subdivision review is included in Article IX. *See* 53 P.S. § 10909.1(b)(2), added by the Act of December 21, 1988, P.L. 1329. Accordingly, the trial court did not err in holding that the MPC provided the exclusive vehicle for challenging the validity of the subdivision.

### B. *Equity Action Regarding Failure to Retain Trees*

In addition to challenging the subdivision's validity, Neighbors claim a right to enforce certain provisions of the subdivision plan. In particular, they reference indications that trees on the subdivided property were to survive. They argue the plan details constitute a condition on subdivision approval which they may enforce in equity.

█ A governing body may impose on the approval of a subdivision reasonable and economically feasible conditions. *See Doran Inv. v. Muhlenberg Township,* 10 Pa.Cmwlth. 143, 309 A.2d 450 (1973). *See also* 2 Robert S. Ryan, *Pennsylvania Zoning Law and Practice* § 11.2.13 (1998). Section 515.1 [9] of the MPC authorizes mu-

8. 53 P.S. §§ 10901–10916.2.

9. Section 515.1 provides:

 (a) In addition to other remedies, the municipality may institute and maintain appropriate actions by law or in equity to restrain, correct or abate violations, to prevent unlawful construction, to recover damages and to prevent illegal occupancy of a building, structure or premises. The description by metes and bounds in the instrument of transfer or other documents

nicipalities to sue in equity to enforce subdivision conditions. 53 P.S. § 10515.1. A private landowner's right to sue lies not in the MPC, but under restrictive covenant.

Neighbors rely on *Doylestown Township v. Teeling*, 160 Pa.Cmwlth. 397, 635 A.2d 657 (1993), in which a subdivision plan contained a note prohibiting further subdivision. Deeds to those purchasing lots contained the restriction, and the restriction was referenced in the title insurance policy of each grantee. Subsequently, a lot purchaser sought further subdivision. We determined the restriction noted on the recorded subdivision plan and the recorded deeds was a covenant running with the land which could be enforced in equity by a purchaser of a lot in the subdivision.

■■■■ Defendants assert Neighbors lack standing to enforce the subdivision conditions. "Standing" requires that the person bringing a cause of action be adversely affected by the matter in order to assure that the person is the appropriate party to bring the matter to judicial resolution. *Drummond v. University of Pennsylvania*, 651 A.2d 572 (Pa.Cmwlth.1994). To establish standing, parties must show that they have an interest in the outcome of the litigation that is substantial, direct, and immediate. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). An interest is substantial if there is a discernible adverse effect to an interest other than that of the general citizenry. *Id.* at 195, 346 A.2d at 282. It is direct if the petitioner can show harm to his interest. *Id.* It is immediate if

it is not a remote consequence of the judgment. *Id.* at 197, 346 A.2d at 283.

The only relevant damage pled was that "[t]he public interest is served by granting this injunction because a) the public as a whole benefits from mature trees ..." R.R. at 733a. Neighbors pled no individualized harm occasioned by the removal of trees on the subdivided property. The only effect described is one Neighbors share with the general public. Such a generalized effect on the public good will not provide a litigant standing. *William Penn Parking.*

We reject Neighbors' suggestion that every detail on a subdivision plan creates a covenant which may be enforced by anyone. Neighbors fail to plead that they purchased a lot from the subdivided property or received a deed containing an enforceable undertaking, as in *Teeling*, or that they sustained any special harm, as required by *William Penn Parking.* Thus, Neighbors fail to plead facts to support their right to bring this part of their equity action.

## C. *Equity Action Seeking Enforcement of Setback Requirement*

■■■ Neighbors plead defendants violated the Township zoning ordinance by burying propane tanks within the designated setback area adjacent to Neighbors' property. They argue the trial court erred in granting judgment on the pleadings on this claim because an equity action is an appropriate mechanism for a landowner to seek relief from a neighbor's violation of a zoning ordinance.

used in the process of selling or transferring shall not exempt the seller or transferor from such penalties or from the remedies herein provided.

(b) A municipality may refuse to issue any permit or grant any approval necessary to further improve or develop any real property which has been developed or which has resulted from a subdivision of real property in violation of any ordinance adopted pursuant to this article.

53 P.S. § 10515.1.

Although certain adjacent landowners may seek to enjoin zoning violations,[10] it is undisputed that the Township ultimately enforced the setback requirement. Thus, the offending propane tanks were moved from the setback area. Defendants argue this rendered Neighbors' enforcement claim moot.

■ "The general rule is that an actual case or controversy must exist at all stages of the judicial or administrative process or the matter will be dismissed as moot." *Bradway v. Cohen*, 164 Pa.Cmwlth. 249, 642 A.2d 615 (1994).

Neighbors argue their claim is not moot because they sustained damages during tank installation for which they demand compensation. The only reference to this damage is contained in their demand for relief: "5. Order Defendants to remove the existing propane tanks ... and repair [the] damage to [the] trees and root systems and [Neighbors'] realty which they have already suffered as a result of construction to date." R.R. at 734a. Other than the oblique reference to damage to the trees and root systems and Neighbors'

realty, no other damage from tank installation is identified.

■ The propane tanks were not installed on Neighbors' property; rather, they were installed on the subdivided property. If installation caused any damage to Neighbors' trees or roots, it was because the trees or roots were encroaching on the subdivided property. In Pennsylvania encroaching tree parts are a trespass which a landowner may remove. *See Jones.* Neighbors have no right to maintain the encroachment, and they have no right to damages to encroaching tree parts.

In summary, the claim to enjoin setback violation is moot. Neighbors have no surviving claim for damage to tree parts encroaching on the subdivided property that precludes judgment on the pleadings.[11]

**IV.**

■ Neighbors next argue the trial court erred in granting judgment on Count V, which claims violation of their state and federal constitutional rights:

10. Section 617 of the MPC, 53 P.S. § 10617, establishes a cause of action for any owner of real property who shows that his or her property or person will be substantially affected by the violation of an ordinance. *Siegmond v. Duschak,* 714 A.2d 489 (Pa.Cmwlth.1998). ·*See Frye v. City of Monongahela,* 526 Pa. 170, 584 A.2d 946 (1991) (adjacent property owner "as an aggrieved neighbor, had an independent right to seek relief from a zoning violation next door and that right could be asserted in an equity action."); *Peden v. Gambone Bros. Dev. Co.,* 798 A.2d 305 (Pa.Cmwlth.2002)(adjacent landowners can sue in equity to compel compliance with zoning ordinance requiring a natural buffer). ·

11. Neighbors also aver their action regarding the propane tanks is not moot because they request attorney's fees. They claim recovery of attorneys fees as costs "consistent with applicable law, and because of the bad faith

conduct of the Defendant Farley under 42 Pa.C.S. § 2503 and 42 U.S.C.1983 and 1985." R.R. at 1029. We disagree.

Section 2503 of the Judicial Code, 42 Pa. C.S. 2503(6),(7), provides that counsel fees may be awarded as a sanction against a party for dilatory, obdurate or vexatious conduct during the pendency of a matter. Conduct prior to or following the litigation cannot form a basis for an award of counsel fees under this statute. *White v. Redevelopment Auth. of McKeesport,* 69 Pa.Cmwlth. 307, 451 A.2d 17 (1982). All allegations concerning bad faith conduct occurred prior to the initiation of suit. Accordingly, attorneys fees pursuant to Section 2503 are unavailable.

The request for attorneys fees under federal law also fails because, as described, the amended complaint does not aver the existence of the requisite property right.

94. [Neighbors] have been deprived of their property rights without compensation or due process of law by actions of Defendants Farley and Bower in concert with Defendant Tredyffrin, its supervisors, employees, and agents, in violation of the Constitution of Pennsylvania and the United States of America and the applicable provisions of state and federal law.

95. [Neighbors] are entitled to equitable or legal relief in order to restore their property rights to the position existing prior to [the] grant of the Subdivision or to be compensated through restitution for an unlawful taking.

R.R. at 732.

Interpreting Count V to be a claim for civil conspiracy, defendants moved for judgment on the pleadings. R.R. at 1141a, 1156a. The Township argued such a claim was untenable because the asserted property right, a prescriptive easement for branches and roots, was not recognized by law.

Neighbors argue that defendants misunderstood Count V, in which they claim defendants violated their property rights without notice and due process. Neighbors contend that because the motion for judgment on the pleadings failed to recognize this theory and move for its dismissal, defendants waived the right to judgment on the pleadings for this claim.

Defendants sought judgment on the pleadings for Count V. Although they characterized the unlabeled count as a civil conspiracy claim, a challenge was raised to the underlying property right. The only applicable property right identified in the amended complaint is the easement for encroaching roots and branches. As discussed, no such property right exists. Clearly, no claim arises for deprivation of an interest which the law does not protect;

nor is any process due under those circumstances.

There is nothing about defendants' conduct that precludes their continued challenge to the underlying property right. Also, there is nothing about defendants' conduct to preclude judgment on the pleadings on Count V.

### V.

Finally, Neighbors argue the trial court erred in denying their request to again amend the pleadings to provide greater specificity. Emphasizing that leave to amend should be liberally granted, Neighbors assert it was error to grant judgment on the pleadings terminating their cause of action at this early stage.

Except where an amendment is allowed as of course under Pa.R.C.P. No. 1028, or granted as of right under other provisions of the Rules of Civil Procedure, the allowance of an amendment under Pa.R.C.P. No. 1033 is completely subject to the discretion of the trial court. *General Machine Corp. v. Feldman*, 352 Pa.Super. 180, 507 A.2d 831 (1986); *Spain v. Vicente*, 315 Pa.Super. 135, 461 A.2d 833 (1983). We will not reverse the decision of the trial court in the absence of a clear abuse of discretion. *Stempler v. Frankford Trust Co.*, 365 Pa.Super. 305, 529 A.2d 521 (1987).

Amendments are to be liberally permitted in order to allow full development of a party's theories and averments. *E.O.J., Inc. v. Tax Claim Bureau*, 780 A.2d 814 (Pa.Cmwlth.2001). However, amendments may be denied where there is prejudice or surprise to the opposing party. *Biglan v. Biglan*, 330 Pa.Super. 512, 479 A.2d 1021 (1984). Also, an amendment is properly refused where it appears to be a reasonable possibility that the amendment will be futile. *Lutz v. Springetts-*

*bury Township,* 667 A.2d 251 (Pa.Cmwlth. 1995); *Mace v. Senior Adult Activities Center of Montgomery County,* 282 Pa.Super. 566, 423 A.2d 390 (1980).

 Neighbors offer no additional facts to establish a claim against defendants. As noted by the trial court, "They do not suggest that any defect in the pleadings could be cured by amendment." Trial Court Op. at 2. Under these circumstances, we discern no error in the trial courts denial of leave to again amend the complaint.

Accordingly, the order of the trial court is affirmed.[12]

### ORDER

AND NOW, this 10th day of March, 2004, the order of the Court of Common Pleas of Chester County is affirmed.

12. As this Court determines that Neighbors have no viable cause of action against the Township, we agree with the trial court that Neighbors' motion to disqualify the Township's counsel is moot.