IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Miguel Jose Garcia,                          :
                                             : No. 460 C.D. 2015
                    Appellant                : Submitted: November 13, 2015
                                             :
              v.                             :
                                             :
Tomorrows Hope, LLC,                         :
Michael Millward,                            :
Gary Josefik and                             :
John Vail                                    :


BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  January 11, 2016


        Miguel Jose Garcia appeals, *pro se*, from the March 2, 2015, order of the
Court of Common Pleas of Clearfield County (trial court) dismissing with prejudice
Garcia's complaint against Tomorrows Hope, LLC, Michael Millward, Gary Josefik,
and John Vail (together, Appellees).  We affirm.


        Garcia is a resident of Tomorrows Hope, a transitional housing facility
for veterans in Coalport.  In his complaint, Garcia alleged that Millward is the chief
executive officer of Tomorrows Hope, Josefik is Tomorrows Hope's facility
manager, and Vail is a staff monitor at Tomorrows Hope.  Garcia alleged that
Appellees did not permit him to park his recently-purchased vehicle on Tomorrows
Hope's property because the vehicle did not have a valid inspection sticker.  After

being told that he could not park his vehicle at Tomorrows Hope, Garcia informed Vail that he would park his vehicle at his place of employment and asked Vail if he would give him a ride back to Tomorrows Hope. Vail refused. Garcia then parked his vehicle at his place of employment and walked three miles in the snow back to Tomorrows Hope.

On February 20, 2015, Garcia filed his complaint against Appellees and an application for leave to proceed *in forma pauperis*. On March 2, 2015, the trial court *sua sponte* dismissed Garcia's complaint with prejudice pursuant to Pa. R.C.P. No. 240(j)(1).[1] The trial court found that Garcia's complaint was "rambling and disjointed nearly to the point of being incomprehensible." (Trial Ct. Op. at 2.) However, the trial court was able to discern that Garcia was seeking damages for various injuries that he allegedly sustained as a result of walking back to Tomorrows Hope in the snow and through the woods. The trial court concluded that Garcia's complaint was frivolous because, *inter alia*, Garcia failed to allege that Appellees had a duty to prevent him from walking to Tomorrows Hope in the snow.[2] On March 23,

---

[1] Pa. R.C.P. No. 240(j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

An action is frivolous if it "'lacks an arguable basis either in law or in fact.'" Note to Pa. R.C.P. No. 240(j)(1) (citation omitted).

[2] The trial court also concluded that Garcia's complaint was frivolous because it asserted numerous claims that were either clearly inapplicable (e.g., the Eighth Amendment to the United States Constitution's protection against cruel and unusual punishment) or not causes of action at all **(Footnote continued on next page…)**

2

2015, Garcia timely appealed to this court.[3]  Also on March 23, 2015, the trial court granted Garcia's application for leave to proceed *in forma pauperis*.

First, Garcia argues that the trial court erred in dismissing his complaint because Garcia alleged that Appellees were negligent.  Specifically, Garcia argues that Appellees "breached a duty owed to [Garcia]."[4]  We disagree.  To adequately state a cause of action for negligence, a plaintiff must allege that the defendant owed a legal duty to the plaintiff and breached that duty. *Williams v. Syed*, 782 A.2d 1090, 1093-94 (Pa. Cmwlth. 2001).  Here, Garcia's complaint failed to articulate the legal duty that Appellees allegedly breached by Vail's refusal to drive Garcia to Tomorrows Hope.  Although Garcia stated in his complaint that Vail's duties included scheduling transportation for Tomorrows Hope, Garcia did not assert that Vail or the other Appellees have any legal duty to drive Garcia to a given location upon request.  Therefore, the trial court properly dismissed Garcia's negligence claim as frivolous.

---

**(continued…)**

(e.g., governmental immunity under the act commonly referred to as the Pennsylvania Sovereign Immunity Act, 42 Pa. C.S. §§8521–8528).

[3] "Our scope of review of the trial court's order is plenary where the trial court dismisses a complaint *sua sponte* for failure to state a cause of action upon which relief may be granted." *McCool v. Department of Corrections*, 984 A.2d 565, 568 n.4 (Pa. Cmwlth. 2009).

[4] In his brief to this court, Garcia states as two separate issues that the trial court erred in: dismissing Garcia's complaint because:  (1) "Appellees breached a duty owed to [Garcia]"; and (2) "[Garcia] alleged that . . . Appellees were negligent."  Because Garcia makes identical arguments as to both issues and because both issues involve the same underlying facts, we will treat them as one issue.

3

Second, Garcia argues that the trial court erred in dismissing his complaint because he alleged that Appellees denied Garcia equal protection of the law by permitting white residents to park unregistered vehicles at Tomorrows Hope but refusing to allow Garcia to do so. We disagree. The equal protection clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1. Similarly, Article I, Section 26 of the Pennsylvania Constitution provides that "[n]either the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. I, §26. Here, Garcia had no legal right to park his unregistered vehicle on Tomorrows Hope's property. Therefore, the trial court properly dismissed Garcia's equal protection claim as frivolous.

Third, Garcia argues that the trial court erred in dismissing his complaint because he alleged that Appellees, acting under color of state law, retaliated against Garcia for exercising his right under the First Amendment to the United States Constitution to file grievances and complaints to government agencies.[5] We disagree.

Garcia appears to have brought this claim under 42 U.S.C. §1983,[6] which he incorporated at the beginning of his complaint. To state a claim under 42

_____

[5] Specifically, Garcia alleged that Appellees retaliated against him by: (1) not responding to Garcia's grievances; (2) withholding Garcia's mail; (3) refusing to transport Garcia; (4) refusing to permit Garcia to park his unregistered vehicle at Tomorrows Hope; and (5) subjecting Garcia to frequent urine testing. (Compl. ¶ 59.)

[6] 42 U.S.C. §1983 provides in relevant part:
**(Footnote continued on next page…)**

U.S.C. §1983, "a plaintiff must 1) allege a violation of rights secured by the United States Constitution and the laws of the United States, and 2) show that the alleged deprivation was committed by a person acting under the color of state law." *Owens v. Shannon*, 808 A.2d 607, 609 n.6 (Pa. Cmwlth. 2002). A private entity does not act under color of state law for purposes of a 42 U.S.C. §1983 claim merely because it receives government funding. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982) (holding that a private high school did not act under color of state law for purposes of liability under 42 U.S.C. §1983, even though almost all of the school's income derived from government funding).

Here, Garcia offered no explanation as to how Appellees acted under color of state law. Earlier in his complaint, Garcia alleged that Tomorrows Hope was funded by the Veterans Administration. (Compl. ¶ 39.) However, an allegation that a private entity receives government funding is insufficient to establish that the private entity acted under color of state law for purposes of 42 U.S.C. §1983 liability. Therefore, the trial court properly dismissed Garcia's retaliation claim as frivolous.

Fourth, Garcia argues that the trial court erred in dismissing his complaint because he alleged that Appellees' deliberate indifference to Garcia's

---

**(continued…)**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

5

health and safety constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. We disagree. Until the State has secured a formal adjudication of guilt and sentenced a defendant, consideration of whether the punishment is cruel and unusual is not ripe. *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977). Here, Garcia did not allege that he was being punished by the Commonwealth of Pennsylvania in relation to a criminal conviction. Therefore, the trial court properly dismissed Garcia's Eighth Amendment claim as frivolous.

Fifth, Garcia argues that the trial court erred in dismissing his complaint without granting Garcia leave to amend the complaint. We disagree. The trial court has discretion to grant or deny a plaintiff leave to amend his or her complaint. *Balletta v. Spadoni*, 47 A.3d 183, 201 (Pa. Cmwlth. 2012). "[A]n amendment is properly refused where it appears to be a reasonable possibility that the amendment will be futile." *Koresko v. Farley*, 844 A.2d 607, 618 (Pa. Cmwlth. 2004). Here, nothing in the record indicates that Garcia ever requested leave to amend his complaint. Moreover, based on Garcia's assertions in his complaint, it is clear that amendment would be futile. Therefore, the trial court did not err in dismissing Garcia's complaint without granting leave to amend.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Miguel Jose Garcia, | : | |
| | : | No. 460 C.D. 2015 |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Tomorrows Hope, LLC, | : | |
| Michael Millward, | : | |
| Gary Josefik and | : | |
| John Vail | : | |

# O R D E R

AND NOW, this 11th day of January, 2016, we hereby affirm the March 2, 2015, order of the Court of Common Pleas of Clearfield County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge