IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ivy Krug, : 
                    Appellant : 
  : 
         v. : 
  : 
Board of Supervisors of East : 
Nantmeal Township, and Brandt :   No. 637 C.D. 2018 
Rempe and Emily Landis :   Argued: November 15, 2018

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ANNE E. COVEY, Judge (P.)
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED:  January 8, 2019

Ivy Krug (Objector) appeals *nunc pro tunc* from the December 18, 2017 order of the Court of Common Pleas of Chester County (trial court), which denied Objector's appeal and affirmed the February 1, 2017 decision of the Board of Supervisors of East Nantmeal Township (Board).  We affirm.

Brandt Rempe and Emily Landis (together, Developer) are the owners of a 1.78-acre parcel (Property) located at the corner of Coventryville Road and Essick Road within the AP-Agricultural Preservation District in East Nantmeal Township (Township).  Trial Court Opinion (Tr. Ct. Op.) at 1.  Objector is the owner of a nearby premises located at 227 Essick Road in the Township.  Reproduced Record (R.R.) at 6a.

Developer's Property was, at one time, part of a 12.732-acre parcel owned by Daniel Stoudt (Stoudt). R.R. at 48a; *see* Tr. Ct. Op. at 2. On September 22, 2008, Stoudt filed an application for conditional use seeking a "subdivision" of the property into four lots and use of the lots for single-family dwellings, which is permitted by conditional use in the AP District. Tr. Ct. Op. at 2, *see* R.R. at 48a, 89a & 91a. Public hearings were held on the conditional use application, and on April 2, 2009, the Board issued its decision and order (2009 Decision) permitting the subdivision and use of the property for 4 single-family dwellings subject to 10 enumerated conditions. R.R. at 86a-96a. Condition 7 provided, "[t]he landscaping plan for the lots shall be satisfactory in all respects to and approved by the Board of Supervisors." R.R. at 94a. The 2009 Decision further stated:

> [c]ompliance with the conditions of approval shall be demonstrated by [Stoudt] by plans and documentation submitted and approved by the Township as part of the subdivision and land development application. A determination of compliance with the conditions of this approval is within the sole discretion of the Board of Supervisors.

Board's 2009 Decision at 7, R.R. at 92a.

In October 2009, the Board approved the original Stoudt Subdivision and Land Development Plan (Stoudt Subdivision), which was dated August 14, 2009. *See* R.R. at 136a & 142a. On November 9, 2009, Stoudt recorded with the Chester County Recorder of Deeds a Declaration of Covenants, Restrictions and Easements for Stoudt Subdivision (Declaration), which includes a covenant for the continued maintenance and replacement of landscaping as depicted on the approved plan by the lot owners. R.R. at 97a & 101a. Attached to the Declaration was a

2

landscape plan for the entire approximately 13-acre tract, which included the installation of 77 trees on the Property. Tr. Ct. Op. at 2.

On March 29, 2016, Developer filed an Application for Review of a Subdivision or Land Development Plan with the Township, seeking an amendment for Lot 1 in the Stoudt Subdivision, *i.e.*, the Property. R.R. at 124a-26a; *see* R.R. at 136a. Attached to the application was a landscape plan, dated March 7, 2016, depicting a total of nine trees on the Property. Tr. Ct. Op. at 2. The plan was reviewed by the Township Planning Commission. *See* R.R. at 128a-29a & 136a. On December 12, 2016, the Planning Commission recommended that the Board approve the plan. R.R. at 136a. A final plan, dated January 24, 2017, depicted 18 trees. *See* Tr. Ct. Op. at 3; R.R. at 138a & 141a. The Board approved the final plan at a public meeting on February 1, 2017 and subsequently issued its written decision (2017 Decision). R.R. at 142a; 2/1/17 Meeting Transcript (M.T.) at 30-33, R.R. at 202a-03a. Objector appealed to the trial court, which affirmed.

Objector now appeals to this Court,[1] arguing: (i) the Board's 2017 Decision violates conditions 1, 3 and 8 of the 2009 Decision as well as multiple provisions of the East Nantmeal Township Zoning Ordinance of 2011 (Zoning Ordinance); (ii) the Board did not have subject matter jurisdiction to grant a waiver pursuant to Section 1305.C of the Township Zoning Ordinance from landscape requirements; and (iii) the Board's approval of Developer's plan violated procedural due process requirements.

---

[1] In a land use appeal where, as here, a full and complete record was made before the board of supervisors and the trial court took no additional evidence, this Court's scope of review is limited to determining whether the board of supervisors committed an abuse of discretion or an error of law. *Morris v. S. Coventry Twp. Bd. of Supervisors*, 836 A.2d 1015, 1018 (Pa. Cmwlth. 2003).

**I. Whether the Board's 2017 Decision violates conditions of the 2009 Decision and Zoning Ordinance Provisions and whether the Board can waive a zoning ordinance provision**

Objector first argues that the Board's approval of Developer's plan violates Conditions 1, 3, and 8 of the Board's 2009 Decision as well as multiple zoning ordinance provisions. We disagree.

### a. Condition 1

Objector argues that Condition 1 of the 2009 Decision requires that the single-family detached dwelling proposed for Lot 1 be moved as far to the south as possible, but that Developer's plan shows the dwelling being moved approximately 18 feet to the north. Although the trial court did not address this argument in its opinion, a remand on this question is not necessary. The Board's 2017 Decision expressly states that it "approves only a modification of the landscape plan" for the Property and that "[n]o other modification or revision of the recorded plan is hereby approved." 2017 Decision ¶ 1, R.R. at 142a. Accordingly, Objector's argument is without merit.

### b. Condition 3 - Landscaped Buffer Requirement

Condition 3 of the 2009 Decision requires the applicant Stoudt to comply with the Township Engineer's November 26, 2008 letter. Board's 2009 Decision at 8, R.R. at 93a. According to Objector, the letter states that the applicant must comply with various articles of the Zoning Ordinance and lists the articles, specifically Article III (AP Agricultural Preservation District), Article XIII (General Design and Performance Standards), and Article XIX (Conditional Use Process). Objector's Brief at 15. Objector states that the letter further says that Zoning

4

Ordinance Section 304.A.1 requires all conditional uses to comply with Zoning Ordinance Article XIII. Objector contends that Article XIII includes performance standards and alleges that Developer's plan violates several provisions of Section 1305 of Article XIII (concerning landscaped buffer standards), specifically identifying several subsections. *See* Objector's Brief at 15-16.

Zoning Ordinance Section 304.A.1 requires conditional uses to comply with Article XIII, which addresses landscaped buffer requirements. Further, Ordinance Section 304.A.2 provides, in relevant part, that "[a] landscaped buffer in accordance with the provisions of Section 1305 herein shall be an integral part of any conditional use application and approval and shall be sufficient to screen the subject use from view." Objector argues, accordingly, that the Property must have a landscaped buffer and that the Board's 2017 Decision violates the Zoning Ordinance.

Section 1305 of the Zoning Ordinance addresses landscaped buffer standards and provides, in relevant part:

> A. Landscaped buffers shall be required where proposed commercial, industrial, office, or intensive agricultural uses are to be located adjacent to residential zoning districts or existing residential uses, where proposed multi-family uses are to be located adjacent to existing single-family or two-family residences in the transfer-in district, and where otherwise required by this Ordinance.
> . . .
> C. Landscaped buffer requirements may be waived by the Board of Supervisors upon recommendation of the Planning Commission if the uses or areas to be buffered according to Section 1305.A, above, are located greater than four hundred (400) feet from the adjacent residential uses or if the existing landscape provides a

5

> buffer that meets the intent of the standards set forth in this Section.

Zoning Ordinance § 1305(A)&(C).

As noted by the trial court, the Board interpreted subsection A as not requiring such buffering between two identical residential uses. In its decision, the Board stated that the landscaped buffer requirements in Section 1305.A "apply only when a residential zoning district or residential use is adjacent to a non-residential use, or a multi-family use is adjacent to single or two-family uses." 2017 Decision ¶ 2, R.R. at 142a. Further, at the February 1, 2017 public meeting, immediately prior to approving the decision now being challenged, the Township solicitor explained:

> A landscape buffer is required when you have what I call incompatible land uses; in other words, you are going to build a residence next to a commercial or a non-residential property. And if you read through Section 1305, that is the whole purpose of it. It is not to require residential landscaping. It's even entitled, "Landscape Buffer Standards." So it doesn't even apply in this case. When the application originally went through, for whatever reason the Applicant [Stoudt] chose to put this amount of landscaping on [the Property.] It wasn't required by the Ordinance. There is nothing in our Ordinances that requires that landscaping. And as far as Section 304.A.2, again, it says a landscape buffer. 304.A.2 only applies when we have those incompatible land uses and a buffer is required. It does haven't [sic] anything to do with this application.

2/1/17 M.T. at 18-19. Based upon that reasoning, the Board found that the landscaped buffer requirements set forth in Sections 304.A.2 and 1305 did not apply to the Property.

The Board's determination is consistent with the plain language of the Zoning Ordinance. *See* Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921 (stating, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit"). The proposed use is a single-family use; the proposed use is not a commercial, industrial, office or intensive agriculture use adjacent to a residential use, nor is it a multi-family use located adjacent to existing single-family residences.

Nonetheless, Objector points out that Section 1305.A says "where otherwise required by this Ordinance," and contends that Section 304.A.2's language stating that the landscaped buffer "shall be sufficient to screen the subject use from view" is sufficient to satisfy the "otherwise required" language and that section does not distinguish between residential and non-residential uses. Objector's Brief at 26; *see* Objector's Reply Brief at 9. Section 304.A.2 begins, however, by stating, "[a] landscaped buffer *in accordance with the provisions of Section 1305 herein* shall be an integral part of any conditional use application . . . ." Zoning Ordinance § 304.A.2. (emphasis added). If, as we just determined, there is no requirement to have a landscaped buffer in the first instance, under Section 1305, then the remaining phrase regarding buffering from view is not implicated, and the plan need not be sufficient to screen the subject use from view.

For the foregoing reasons, we agree with the trial court that there was no abuse of discretion or error of law in the Board's interpretation that Sections 304.A.2 and 1305 of the Township Zoning Ordinance do not apply to Developer's land development amendment application.

7

### c. Waiver from Landscaped Buffer Requirements

Objector argues that the Board had no power to grant a waiver from the landscaped buffer requirements pursuant to Section 1305.C because a "waiver" is really a variance and only a zoning hearing board has authority to grant a variance from zoning requirements. Objector further argues that, in any event, the Property does not qualify for a waiver under Section 1305.C because Objector contends that the Property is not beyond the minimum required distance from Objector's property. Objector also asserts that Section 1305.C purports to permit waiver on the condition that "the landscape provides a buffer that meets the intent of the *standards* set forth in this Section." Objector's Brief at 22 (quoting Zoning Ordinance § 1305.C) (emphasis added by Objector). Objector contends that this condition is subject to the void for vagueness doctrine because it does not set a clear and precise standard.

The Board's 2017 Decision did not rely on the waiver provision but, instead, found that Section 1305, by its plain terms, did not apply. Accordingly, the waiver provision in Section 1305.C of the Township Zoning Ordinance is not implicated here, and we will not address Objector's arguments related to that provision.[2]

### d. Condition 8 - Declaration

Objector also argues that Condition 8 of the 2009 Decision required Stoudt to record a restrictive covenant providing for the continued maintenance and replacement of all landscaping required by the approved plan. Objector's Brief at

---

[2] Objector also argues that the Board and Developer are bound by the 2009 Decision and can only approve an amendment by additional conditional use procedures. Objector's Brief at 23-24. Objector argues that the 2017 Decision is barred by the doctrines of judicial estoppel and estoppel by record. *Id.* at 23-25. Objector did not raise this issue before the trial court. *See* Notice of Land Use Appeal, R.R. at 6a-15a; Objector's Trial Court Brief, R.R. at 145a-64a. Therefore, it is waived. *See* Pa.R.A.P. 302 (stating issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

8

17. Objector contends that the Board's 2017 Decision, which purports to give the Board's consent to amend the recorded Declaration, is invalid because the Declaration cannot be amended without two-thirds of the total voting power of the owners and nothing in the record shows any such vote.

The Board's 2017 Decision explicitly recognizes that the lot owners in the Stoudt subdivision must consent. The Board's 2017 Decision states that the Board consents to an amendment of the Declaration "*if* two-thirds of the owners of Lots 1 through 4 of the Stoudt subdivision consent in writing to the amendment." 2017 Decision ¶ 4 (emphasis added), R.R. at 142a. Further, Objector's property is not part of the Stoudt Subdivision. Because Objector is not a party to the Declaration or a successor-in-interest, she cannot seek to enforce it. *Cf. Koresko v. Farley*, 844 A.2d 607, 616 (Pa. Cmwlth. 2004) (rejecting notion that every detail on a subdivision plan creates a covenant that may be enforced by anyone). Accordingly, Objector's argument is without merit.

## II. Procedural Due Process

Objector next contends that Section 603(c)(2) of the Pennsylvania Municipalities Planning Code (MPC),[3] 53 P.S. § 10603(c)(2), (concerning provisions for conditional uses) and Article XIX of the Township Zoning Ordinance (concerning conditional use process) govern the conditional use process and provide for due process procedures that must be followed, including public notice and public hearings. Objector's Brief at 27. Objector argues that the Board denied her procedural due process when it purported to allow a substantial revision of conditions previously imposed on Lot 1 at a routine meeting. *Id.* Objector contends

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101 – 11202.

9

that there should have been a public hearing preceded by notice to affected landowners and the public. *Id.* at 28-29. Objector points out that in 2009, the Board held a public hearing and issued a decision with conditions, then eight years later attempted to abandon those conditions based on conditions submitted a few days before a routine meeting.[4] Objector contends that the Board effectively granted a new conditional use to Developer without any of the required procedures. *Id.* Objector contends that any argument that the failure to provide notice to the public is excused because a party was present at the meeting is without merit. *Id.* at 29.

As the trial court stated, "[b]y [Objector's] logic, the Board should have reopened conditional use proceedings in order to approve the revised plan, with all of the required public notices appendant thereto, and failure to do so deprived her of procedural due process." Tr. Ct. Op. at 8. However, "'conditional use proceedings involve only the proposed use of the land, and do not involve the particular details of the design of the proposed development.'" *Id.* (quoting *In re Thompson*, 896 A.2d 659, 670 (Pa. Cmwlth. 2006)). Indeed, the Board's 2009 Decision recognized that the determination regarding compliance with the conditions would be made during the subdivision and land development process and was within the sole discretion of the Board. Board's 2009 Decision at 7, R.R. at 92a. Further, the 2009 Decision stated that the "landscaping plan for the lots shall be satisfactory in all respects to and approved by the Board of Supervisors." Board's 2009 Decision at 9, Order ¶ 7, R.R. at 92a. As the trial court explained, the condition for the Board's approval resolves and completes the conditional use process, and "the Board clearly intended

---

[4] To the extent Objector attempts to argue any impropriety regarding the timing of when the plans were submitted prior to the Board's February 1, 2017 meeting, *see* Objector's Reply Brief at 4, Objector failed to timely raise this argument before the trial court. *See* Notice of Land Use Appeal, R.R. at 6a-15a, Objector's Trial Court Brief, R.R. at 145a-64a. Therefore, it is waived. *See* Pa.R.A.P. 302 (stating issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

for the Property's landscaping plan to be approved at some point in the future, outside of the conditional use proceedings." Tr. Ct. Op. at 9. Likewise, any amendments to such landscaping plan would be completed outside of the conditional use proceedings. Consequently, we agree with the trial court that "[i]t therefore follows that the municipal body need not reopen a conditional use hearing to determine 'particulars of development and construction' when the use itself has already been approved." Tr. Ct. Op. at 8.

Additionally, and importantly, Objector's argument asserting a due process violation is premised on characterizing Developer's application as an amendment to Stoudt's conditional use application. Indeed, the sources of legal authority to which Objector cites to support her position pertain to conditional use applications or land use proceedings other than subdivision or land development applications. *See* Objector's Brief at 27-31. Developer, however, filed a land development amendment application. Section 508(5) of the MPC, 53 P.S. § 10508(5), governs such an application and states that a governing body or planning agency *may* hold a public hearing, after notice, before acting on a subdivision or land development. "There is no mandatory requirement that a hearing be held prior to the approval of a land development plan." *E. Consolidation & Distribution Servs., Inc. v. Bd. of Comm'rs of Hampden Twp.*, 701 A.2d 621, 624 (Pa. Cmwlth. 1997). In this case, the Board chose not to hold a hearing on Developer's land development amendment application, *see* R.R. at 197a, and it was not required to do so.[5] *See* 53 P.S. § 10508(5), *E. Consolidation*, 701 A.2d at 624 (rejecting objectors' argument that they should have been permitted to present additional evidence on appeal to trial court on grounds that record was incomplete because they had no notice of

---

[5] We note that Objector's counsel was present and participated in the Board's February 1, 2017 meeting. *See* 2/1/17 M.T., R.R. at 195a-201a.

11

underlying proceeding until day of meeting and so no opportunity to be heard). Therefore, we reject Objector's argument that the Board's failure to hold a hearing prior to approval of Developer's land development application violated due process. Accordingly, for the foregoing reasons, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ivy Krug,                                                         :
               Appellant                      :
                                  :
          v.                                           :
                                  :
Board of Supervisors of East                    :
Nantmeal Township, and Brandt                   :      No. 637 C.D. 2018
Rempe and Emily Landis                          :

## O R D E R

AND NOW, this 8th day of January, 2019, the December 18, 2017 order of the Court of Common Pleas of Chester County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge